## No. 16,080.

### THE PEOPLE v. LINDSAY.
(202 P. [2d] 951)

Decided January 24, 1949. Rehearing denied February 14, 1949.

· Mr. H. LAWRENCE HINKLEY, Attorney General, Mr.

Duke W. Dunbar, Deputy, Mr. James S. Henderson, Assistant, Mr. William B. Paynter, Mr. Francis L. Shallenberger, for the people.

Mr. Deon Drefke, for defendant in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

The parties will be herein referred to as in the trial court, namely, as the People and Defendant.

Upon an information filed in the Thirteenth Judicial District of the State of Colorado, the Defendant was tried June 24, 1947 for obtaining $10.00 from one Floyd Waite by means and use of the confidence game. At the conclusion of the People's case, counsel for Defendant made a motion for directed verdict, the substance of said motion being generally that the evidence of the People failed to establish the commission of the crime of confidence game as defined and contemplated by the pertinent statute of the State of Colorado. The court sustained the motion and directed a verdict of "not guilty" and the People prosecute this writ of error.

Floyd Waite, the complaining witness, operated a tavern in Sterling, Colorado, and on January 18, 1947, the Defendant, while in a booth in said tavern, ordered about five beers from an attendant and said to the attendant "Make out a check." The attendant made out a check to cash for $10.00 on the Commercial Savings Bank of Sterling, Colorado, according to Defendant's directions, and Defendant signed the check. The attendant put the check in the cash register, took out fifty cents in payment for the beer and gave Defendant $9.50 in change. The attendant, Emanuel W. Miller, testified that there was nothing said about whether or not the check was good. This occurred on Saturday, and Floyd

Waite, the complaining witness, testified that he sent the check to the bank on the following Monday, January 20, 1947, and that the check was returned to him with the notation thereon "Account Closed"; and further testified that he had never been reimbursed in any way.

The cashier of the Commercial Savings Bank testified that the Defendant started an account in the bank on June 22, 1946, which account was finally closed October 23, 1946; that there were no funds deposited or carried to Defendant's account in the bank after that date; and that the Defendant had no funds on deposit in the bank on January 18, 1947, nor after that date. Other witnesses testified as to similar check transactions for various small amounts on or about the same time at different places; such testimony is supported by the People's Exhibits "B" to "J" inclusive, and said exhibits were offered in evidence for the purpose of showing intent, plan, design and scheme on the part of the Defendant. All exhibits were admitted with the exception of Exhibit "D".

The statute under which this prosecution was initiated is section 222, chapter 48, '35 C. S. A., the pertinent parts of which are as follows: "Every person who shall obtain, or attempt to obtain, from any other person or persons, any money or property by means of or by use of brace faro, or any false or bogus checks, or by any other means, instrument or device, commonly called confidence games, shall be liable to indictment, and on conviction shall be punished by imprisonment in the penitentiary for any term not less than one year, nor more than twenty years * * *"

In light of the assignments of error herein, there is only one question presented for determination by this court, that is: Did the acts complained of constitute the offense of obtaining money by means of a confidence game as defined by statute?

As applied to the facts in this case, the first approach to the above question is a determination of the

intent of the Legislature in the use of the words "false or bogus checks," as used in the statute.

We have several statutes concerning crimes and misdemeanors in which the word "check" is involved. The first of these statutes appeared in the year 1861 and others down to the present time. The "confidence game" statute, upon which the prosecution in this case rested, was passed in the year 1879 and the last amendment of this statute was in 1923 by an increase of the penalty, and in no other respect. Since that date, and in 1885 an act was passed to punish the fraudulent giving of checks or drafts upon any bank or banks, which act now appears as section 313, chapter 48, '35 C. S. A. The pertinent part of the act as it now stands is as follows: "Any person who, with intent to defraud, shall make and deliver, or draw and deliver or utter or give any check or draft upon any bank or banking association wherein such maker or drawer shall not have sufficient funds or credit for the payment of same, shall be guilty of a misdemeanor * * *."

In consideration and passage of this Act, the Legislature had but one subject before it and that was the matter of checks and drafts. It is significant to note that in this 1885 act, amended in 1915, the title was "An Act to Punish the Fraudulent Giving of Checks or Drafts Upon any Bank or Banking Association and to Repeal all Laws in Conflict Herewith." Had the Legislature considered that the offense as outlined in the 1885 act was covered by the "confidence game" statute of 1861, then it must be said that the Legislature was engaging in idle pastime. Such cannot be the finding of this court. Ordinary reason compels us to say that the Legislature did not consider that the offense outlined in the 1885 act was covered by the "confidence game" statute, and that the "confidence game" statute was designed to reach offenders known as confidence men. The gist of the "confidence game" offense is, as has been heretofore many times stated by this court and the courts of other states

having a similar statute, as being, "Any swindling operation in which advantage is taken of the confidence reposed by the victim in the swindler."

█ Our "confidence game" statute is, as has been said by this court in *Lace v. People*, 43 Colo. 199, 99 Pac. 302 and *Bomareto v. People*, 111 Colo. 99, 137 P. (2d) 402, identical in its terms with the Illinois "confidence game" statute; and this court has quoted with approval the decisions of the Supreme Court of Illinois on its statute; and in the case of *People v. Snyder*, 327 Ill. 402, 158 N. E. 677, of close similarity, the Illinois court said: "Where the property is obtained by unlawful means other than by fraudulently obtaining the confidence of the victim and then abusing the confidence so obtained, a conviction for the confidence game cannot stand."

It is apparent that the use of the word "false" or "bogus" check in the "confidence game" statute means something more than the mere making and passing of the check. The manner of passing it and other circumstances connected with the obtaining of money thereon necessarily must enter into the occasion before it may be considered a part of a confidence game.

There is no evidence in the case before us that the defendant resorted to any fraudulent scheme by which he sought to obtain the confidence of the complaining witness, or that any special confidence was reposed in the defendant. The facts, as disclosed by the evidence, bring the case squarely within the terms of the 1885 act as amended in 1915 and now appearing as section 313, chapter 48, '35 C. S. A., if there was intent to defraud. The evidence shows that the defendant had no funds whatever in the bank at the time he gave the check, which would bring the case within the terms of section 313, supra, and he would thereby be guilty of a misdemeanor if intent to defraud was shown. There was nothing false or bogus about the check, and it was not used by the defendant as a confidence man as a device employed in a scheme to obtain the confidence of the

complaining witness, as is sought to be covered by the "confidence game" statute.

■ Without a suggestion as to the guilt or innocence of the defendant under section 313, supra, the district attorney inadvertently, but none the less improperly, instigated the prosecution under the wrong statute when all of the facts are considered. To eliminate further doubt, and to clear the course of prosecuting officers hereafter, this court now says that the making and passing of a check as in the instant case, is not within the meaning of the terms "false or bogus checks" as set out in section 222, chapter 48, '35 C. S. A., known as the "confidence game" statute under which this prosecution was laid. We are not unmindful of our recent decision in the case of *Chasse v. People,* 119 Colo. 160, 201 P. (2d) 378, which is distinguishable.

The ruling of the learned trial court in directing the verdict of "not guilty" harmonizes with the views herein expressed and was correct, and for the reasons stated, the judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE STONE concur.

Petition for reconsideration and clarification of the above opinion was considered by the court en banc and denied June 13, 1949. See, also, our opinion in *People ex rel. v. District Court,* 119 Colo. 451, 208 P. (2d) 79.