No. 16,273.

PEOPLE EX REL. METZGER *v.* DISTRICT COURT
OF DENVER ET AL.
(208 P. [2d] 79)

Decided June 13, 1949.

Mr. JOHN W. METZGER, Attorney General, Mr. JOSEPH E. NEWMAN, Deputy, Mr. FRANK A. WACHOB, Assistant, for petitioner.

Mr. EDWARD C. DAY, respondent judge, Mr. BART W. O'HARA, for respondents.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

IN original proceedings in prohibition, and at the information of the Attorney General of the State of Colorado, this matter is before us on an answer and return to our order to show cause why a writ of prohibition should not issue to restrain the District Court of the City and County of Denver, and Edward C. Day, a judge thereof, from further proceeding on a petition now pending before it, in case No. 37226, entitled, "The People of the State of Colorado vs. C. E. Jones."

While the record of the trial court is not before us, it appears from the pleadings now here, that Jones, in an information filed against him in said court, August 19, 1946, was charged with violation of the confidence game statute. On a plea of guilty September 7, 1946, he was sentenced to term of not less than six nor more than ten years in the State Penitentiary, and began serving that sentence on September 12, 1946, which he has not yet completed.

On May 7, 1949, Jones filed his petition to vacate sentence in said court, which is as follows:

"The People of the State )
of Colorado, )
            Plaintiff, )        Petition to
      vs. )       Vacate Sentence
"C. E. Jones, )
          Defendant. )

"Comes now C. E. Jones, the above named defendant, and states to this Honorable Court that an error has been committed as concerns his being sentenced to the Colorado State Penitentiary at Canon City, Colorado, by virtue of which his rights have been prejudiced, and petitioner hereby alleges as follows:

"1. That on or about August 19, 1946, Information No. 37226 was filed in and for the Second Judicial District of the State of Colorado in the City and County of Denver, charging your petitioner with the crime of confidence game.

"2. That your petitioner entered a plea of guilty to the charge and on September 7, 1946, was sentenced by the Honorable Joseph E. Cook, one of the Judges of the Second Judicial District, to the Colorado State Penitentiary at Canon City, Colorado, for a term of not less than six and not more than ten years.

"3. That your petitioner was delivered to the Warden of the Colorado State Penitentiary and is still confined in said penal institution.

"4. That said sentence is illegal, erroneous and void under Section 222, Chapter 48 of the 1935 CSA, and a Supreme Court Decision of the State of Colorado entitled "People of the State of Colorado vs. Wesley Rosell Lindsay," being number 16080 in the Supreme Court of the State of Colorado and having been returned on January 24, 1949, bears out and supports the allegation of your petitioner in regard to said Section 222, Chapter 48 of the 1935 CSA, which is the Section of the law

under which your petitioner was sentenced and confined to said Colorado State Penitentiary.

"5. That your petitioner pleaded guilty of the crime as charged in the information when, as a matter of fact, the evidence did not warrant his being charged or convicted of the charge of confidence game.

"Wherefore, petitioner prays to be returned to the jurisdiction of the District Court of the Second Judicial District of the State of Colorado in the City and County of Denver, for the purpose of setting aside and vacating said sentence and judgment and holding same for naught.

"C. E. Jones

"Petitioner"

The foregoing petition was duly verified.

On presentation of this petition, the Hon. Edward C. Day, presiding judge of said court, ordered the warden of the state penitentiary to deliver the person of C. E. Jones to the sheriff of the City and County of Denver, and the sheriff to receive and convey said Jones to the common jail of the City and County of Denver to be there retained until further order of court. Being so informed the Attorney General in the name of the people instituted this original proceeding in prohibition.

The Attorney General alleges, and respondents admit, that respondent Day proposes to, and is about to, determine upon the petition of said Jones, the legality and validity of the sentence imposed, and determine whether or not a new and proper sentence should be pronounced.

It is to be observed that these proceedings have originated long after the expiration of the term of court at which the sentence was imposed.

Contrary to the contention of the Attorney General, the respondent Day asserts that he has jurisdiction, accompanied by the right and power to inquire into the legality or illegality of the sentence as imposed, and to set aside and vacate the judgment if it is determined to be illegal and void.

Indicative of respondent Day's misconceived laudable intention to review the proceedings of the trial at which sentence was pronounced, he says, "It may be that the defendant C. E. Jones, under the charge as filed by the District Attorney, was not guilty of more than the violation of section 313, chapter 48, 35 C.S.A., and, therefore, only guilty of a misdemeanor carrying a penalty of not to exceed $500.00 or imprisonment in the county jail not to exceed six months."

No doubt respondent's conscientious intentions are prompted by the belief that courts have inherent and implied power necessary to function for the due administration of justice, and may be exercised at any time. In proper and clearly defined cases this is true, but in most matters courts must yield to constitutional statutory enactments, or, in the absence of which, rules of court which have equal force and effect.

Respondent noticeably labors under the erroneous impression that the sentence here involved is an illegal and void sentence. If an illegal sentence has been pronounced, the court has power to substitute a legal sentence, and this power is not impaired by the expiration of the term of court, during which the judgment was pronounced.

With no record of the trial before us, nor any suggestion that the proceedings were even tainted with irregularity, we rightfully assume that the trial and all proceedings in connection therewith were attended by full regularity, resulting in a judgment that is neither void nor voidable. On such assumption, we say the defendant was regularly charged with confidence game under pertinent statute, pled guilty, and, following what the court no doubt considered sufficient testimony and proper admonishment, a sentence was imposed which in all respects conforms to statute.

On this state of the record the proceedings and the sentence are free of infirmity; the sentence legally proper and correct; the judgment final, and open

to review only in the manner prescribed in such cases. Regardless of some occasional excerpts from opinions, and further possible confusion by the wording of some rules, susceptible to varied interpretations, the decisions of this court, and the majority of other courts of review, are uniform to the effect that jurisdiction ends with the term of court at which a final and complete judgment was entered, except for the correction of formal errors and to relieve from void and voidable judgments. No general continuing jurisdiction has ever been recognized, and all rules and decisions intend to point toward a mark of finality of all litigation. This now leads us to say that respondents are deprived, by the record of the instant case, of any jurisdiction whatever to review the facts and the proceedings entering into the sentence formerly imposed, of which complaint is now made, or to vacate the judgment.

The attempted proceedings, here sought to be restrained, were no doubt conceived as a result of a not too careful reading or study of an opinion of this court, delivered January 24, 1949, in the case of *People v. Lindsay*, 119 Colo. 248, 202 P. (2d) 951, and which as an adjunct to this plea for prohibition, the Attorney General, by separate petition, has requested clarification to the end that the opinion be anchored strictly to the facts in the case in which the opinion was delivered. Even a careless reading of the opinion would disclose that the facts of the case being considered provided the sole and distinguishing grounds for the decision, and for that reason is not subject to further clarification, and to which the court en banc now adheres.

To be more explicit, if thought to be needed, we now say that the opinion, said to be creating confusion in the minds of courts and prosecutors, in nowise changed the law but merely approved the defense set up in the case, which defense may be available in many cases where "short" checks are involved. Every such case presents its own factual situation which provides

the guiding beam for prosecution. All "short" checks are not "false and bogus checks," within the meaning and intent of the confidence game statute. Error, confusion, and injustice have no doubt arisen from the blithe manner in which the words "false and bogus" have been pleasingly grasped by some prosecutors in seeking severe punishment in many cases.

■ Where short checks are involved, it is to be the office of prosecuting authority to determine, whether or not, from the available evidence, an information is to be based on the so-called confidence game statute, or the statute relating to "short" checks. On the trial, if under the confidence game statute, the defense of insufficient evidence to convict under the statute is always available to the defendant.

In the case now before us the defendant Jones pled guilty, thereby denying any such possible defense. It was nevertheless available to him and he was not deprived of it by the court or prosecuting officials.

Pursuant to the views herein expressed, the alternative writ of prohibition is made permanent, and it is ordered that respondents vacate all orders entered in connection with the petition involved, that the petition be dismissed, and that petitioner C. E. Jones be returned to the state penitentiary.