## No. 16,272.

### BEST, WARDEN *v.* PEOPLE EX REL. FLOROM.
(212 P. [2d] 1007)

Decided December 12, 1949.

Mr. JOHN W. METZGER, Attorney General, Mr. JOSEPH E. NEWMAN, Deputy, Mr. FRANK A. WACHOB, Assistant, for plaintiff in error.

Mr. RAYMOND M. SANDHOUSE, Mr. CHARLES H. SAND-
HOUSE, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

KENNETH FLOROM pleaded guilty to an information
which, it is contended by the People, charged him with
obtaining money under false pretenses, and on July 29,
1947, was sentenced to a term of not less than three nor
more than five years in the Colorado State Penitentiary,
where he is now confined. On April 25, 1949, defendant
filed, in the district court in which the sentence was
pronounced, his petition for a writ of habeas corpus
which was issued forthwith. The warden of the Colo-
rado State Penitentiary filed his return to the writ
April 28, 1949, and a hearing was held on May 6, 1949,
at which time the Attorney General's motion to quash
the writ was denied. The court then proceeded to set
aside, in effect, its sentence and judgment of July 29,
1947, and resentenced Kenneth Florom to a six months
imprisonment in the county jail "on the plea of 'Guilty,'
entered on July 29, 1947, nunc pro tunc, and doth order
that his confinement in the State Penitentiary of Colo-
rado, for the first six months thereafter, be considered
as having been a discharge of the sentence just imposed,
and doth order that the defendant Kenneth Florom be
released from the State Penitentiary of Colorado."
The court ordered a stay of execution, and thereupon
the People brought the cause here by writ of error.
The information, omitting formal parts thereof not
herein involved, to which the defendant pleaded guilty,
is:
"William B. Paynter, District Attorney, within and
for the Thirteenth Judicial District of the State of Colo-
rado, in the County of Logan, in the State aforesaid, in
the name and by the authority of the People of the

State of Colorado, informs the Court that Kenneth Florom on the 16th day of April, A. D. 1947, at and within the said County of Logan, and State of Colorado, then and there being did then and there feloniously,

"knowingly and designedly falsely pretend to one Robert Goodson, an agent and employee of the Brown's Shoe Fit Company, a corporation, that he the said Kenneth Florom was then and there a depositor in The Curtis State Bank, at Curtis, Nebraska, and then a certain check signed by the said Kenneth Florom and made payable to the Brown's Shoe Fit Company in words and figures as follows:

"Curtis, Nebr. April 16 1947 No.
"The Curtis State Bank
"Pay to the order of—Brown Shoe Fit Co. $30.00
"Thirty dollars and 00/00ths - - - - - - Dollars
"For............................
"Kenneth Florom"

"was payable on presentation and that the said check would be paid by said bank upon presentation, which said false pretenses were than [then] and there by the said Kenneth Floram with the design and for the purpose of inducing the said Robert Goodson acting on the behalf of the Brown's Shoe Fit Company to pay and deliver to the said Kenneth Florom monies and merchandise of the value of $30.00 and the said Robert Goodson relying upon and believing said false pretenses to be true, and being deceived thereby was then and there induced by reason thereof to pay and deliver to the said Kenneth Floram monies, goods, and merchandise of the said Brown's Shoe Fit Company of the value of $30.00 by which said false pretenses by the said Kenneth Florom with intent to cheat and defraud the said Brown's Shoe Fit Company feloniously, fraudulently and designedly and knowingly did obtain from the said Brown's Shoe Fit Company money and property of the value of $30.00 the personal property, goods,

and monies of the said Brown's Shoe Fit Company said check having been returned by said Bank upon presentation marked 'no account' and whereas, in truth and in fact the said Kenneth Floram was not then and there a depositor in said Curtis State Bank and had no funds or credit with said Bank to pay said check and knew said check would not be honored by said Bank upon presentation, all of which said false pretenses he, the said Kenneth Florom, at the time he so falsely pretended as aforesaid, well knew to be false.' contrary to the form of the statute in such case made and provided, and against the peace and dignity of The People of the State of Colorado.

"W. B. Paynter
District Attorney
By Francis L. Shallenberger
(Original duly verified) Deputy District Attorney."

In the petition for habeas corpus, petitioner alleged that he was without benefit of counsel and entered his plea of guilty on the advice and representation of the district attorney that the acts done by him constituted the crime of obtaining goods or moneys under false pretenses. He further alleged that the check forming the basis of the charge was given in payment for certain. goods, with the change representing the difference between the sale price of the goods and the amount of, the check being paid to defendant in cash; that the bank upon which the check was drawn was an existing bank; however the check was returned with the notation thereon "No Account." It then is alleged that there was no other evidence that any false pretense was used in obtaining goods and moneys and that defendant intended to plead guilty to an information charging him with drawing and passing a short check.

In the petition appears the further allegation: "Your petitioner further shows that without apprizing him of the fact that said statute under which this prosecution

was initiated had been repealed, the District Attorney * * * did represent and hold forth that the acts done by the petitioner were sufficient to constitute the offense of obtaining goods under false pretenses, * * * when your petitioner was in fact guilty of a misdemeanor * * *." and for such should have suffered the penalty provided in section 313, chapter 48, '35 C.S.A., instead of the penalty pronounced by the court in accordance with the provisions of section 305, chapter 48, '35 C.S.A. Further it is alleged that the "Imprisonment, detention, confinement and restraint is unlawful," and petitioner prays for his discharge.

There are six assignments of error:

"I.

"The Court erred in issuing its Writ of Habeas Corpus upon the petition, or at all.

II.

"The Court erred in overruling the motion to quash, and in not dismissing or quashing the Writ of Habeas Corpus.

III.

"The Court erred in vacating the previous sentence of the defendant in error and re-sentencing him to serve 'six months in the County Jail of Logan County, Colorado, on the plea of "Guilty," entered on July 29, 1947, *nunc pro tunc.'*

IV.

"The Court erred in ordering 'that the defendant Kenneth Florom be released from the State Penitentiary of Colorado.'

V.

"That the Court was without jurisdiction in the premises.

VI.

"That the Court exceeded its jurisdiction, in that its acts in vacating the sentence of defendant Kenneth Florom, and re-sentencing him for another crime, were

in fact and in law a commutation of sentence and in violation of sentence and in violation of Article III and Article IV, Section 7 of the Constitution of the State of Colorado."

A consideration of the third specification is all that we deem necessary in the disposition of this cause.

The district judge who pronounced the sentence on July 29, 1947, is the same judge who conducted the hearing in the habeas corpus proceeding on May 6, 1949. No transcript of the evidence introduced before the district judge on July 29, 1947, is presented here, but from a statement in the People's brief, which is neither contradicted nor challenged, it would appear that on defendant's plea of guilty, and before the pronouncement of judgment and sentence, two witnesses were sworn and testified. As a part of the record here and designated as a bill of exceptions, the remarks of the district judge at the time of granting of the writ of habeas corpus, appear, and therein the judge stated: "Those allegations [contained in the information], even if we accept them at their face, are, in my opinion, insufficient to take a case out of the statute relating to the giving of checks where there are insufficient funds. * * * I am convinced the legislature of our state intended that the crime charged in the information be considered a misdemeanor. The conclusion is irresistible that I was without power or authority to sentence this defendant to the penitentiary on his plea of guilty, for *the proof submitted supporting his plea conformed strictly to the allegations of the information,* and disclosed nothing that would not be required in a prosecution under our so-called check statute." (Italics ours)

The trial judge also remarked: "In the Lindsay case [People v. Lindsay, 119 Colo. 248, 202 P. (2d) 951], Mr. Justice Holland directed the district attorneys to follow a certain course so far as matters relating to confidence game charges are concerned. The false pretense

statute has some elements that are not entirely analogous."

■ We take judicial notice of the fact that three full terms of the district court expired between July, 1947, and May, 1949. Section 77, chapter 46, 1947 Supp., '35 C.S.A.

The opinion in *People v. Lindsay, supra,* was announced January 24, 1949, and rehearing denied February 14, 1949. The present action was, as we have said, begun on April 25, 1949, and was determined by the district court on May 6, 1949. Our decision in an original proceeding in the nature of prohibition, entitled *People ex rel. Metzger v. District Court of Denver,* 119 Colo. 451, 208 P. (2d) 79, was decided June 13, 1949, and, as is apparent from the dates given, was not before the district judge for his consideration in the habeas corpus proceeding.

In *People ex rel. v. District Court, supra,* we said: said:

"With no record of the trial before us [as in the instant case], nor any suggestion that the proceedings were even tainted with irregularity, we rightfully assume that the trial and all proceedings in connection therewith were attended by full regularity, resulting in a judgment that is neither void nor voidable. On such assumption, we say the defendant was regularly charged with confidence game under pertinent statute, pled guilty, and, following what the court no doubt considered sufficient testimony and proper admonishment, a sentence was imposed which in all respects conforms to statute.

"On this state of the record the proceedings and the sentence are free of infirmity; the sentence legally proper and correct; the judgment final, and open to review only in the manner prescribed in such cases. Regardless of some occasional excerpts from opinions, and further possible confusion by the wording of some rules, susceptible to varied interpretations, the decisions

of this court, and the majority of other courts of review, are uniform to the effect that jurisdiction ends with the term of court at which a final and complete judgment was entered, except for the correction of formal errors and to relieve from void and voidable judgments. No general continuing jurisdiction has ever been recognized and all rules and decisions intend to point toward a mark of finality of all litigation. *This now leads us to say that respondents are deprived, by the record of the instant case, of any jurisdiction whatever to review the facts and the proceedings entering into the sentence formerly imposed, of which complaint is now made, or to vacate the judgment.*" (Italics ours)

 A writ of habeas corpus can not properly be substituted for a writ of error (*Hart v. Best,* 119 Colo. 569, 205 P. (2d) 787, and cases therein cited), and that is exactly what defendant is attempting to accomplish here.

We hold that here it was not the check, but, according to the record now before us, we must assume that it was the use made of the check by the defendant, which determined the crime to be charged by the district attorney. The evidence might have warranted that official in filing a short-check charge under the provisions of section 313, chapter 48, '35 C.S.A.; it might have warranted the filing of a false pretense charge under the provisions of section 305, chapter 48, '35 C.S.A., or it might have warranted the district attorney in filing an information charging a violation of section 222, chapter 48, '35 C.S.A.

 When the hearing on the petition for a writ of habeas corpus was had on May 6, 1949, the only question for determination was whether, on July 29, 1947, the court pronouncing sentence had jurisdiction of the person, and crime with which defendant was charged. The defendant pleaded guilty; the trial court considered the information and the sufficiency thereof to charge him with the crime therein set forth; it determined from the

plea and evidence received in support thereof that the same was sufficient, as a matter of law, to establish defendant's guilt of the crime charged, and, thereupon, pursuant to his sworn duty, the judge pronounced a judgment within prescribed statutory limits. Having done so, the court had fully discharged its duty; it exhausted its jurisdiction; its judgment and sentence became final, and any correction thereof, if any was necessary, could be accomplished only by writ of error.

█ Under the state of this record, and in accordance with the unanimous opinion of the court in *People v. District Court, supra,* error was committed by the district court in discharging the prisoner on the writ of habeas corpus, for which error its judgment is reversed and the cause remanded with instructions to dismiss the action.