No. 16,334.

PEOPLE EX REL. METZGER, ATTORNEY GENERAL v. DISTRICT COURT OF EL PASO COUNTY ET AL.

(215 P. [2d] 327)

Decided December 19, 1949. Rehearing denied January 30, 1950.

Mr. John W. Metzger, Attorney General, Mr. Allen Moore, Deputy, Mr. Frank A. Wachob, Assistant, for petitioner.

Messrs. McComb, Nordmark & Zarlengo, Messrs. Ziegler & Hoyt, for respondents.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

In an original proceeding the People of the State of Colorado ex rel. John W. Metzger, Attorney General of the State of Colorado, filed an "Application" for a writ in the nature of prohibition against the District Court in and for the county of El Paso and state of Colorado, and G. Russell Miller, as judge thereof, and George F. Kirk. We issued an alternative writ requiring the respondents to show cause on or before the 22nd day of September, 1949, why the writ should not be made permanent. The cause is now before us for determination upon the answer and return of respondents, together with a motion filed on behalf of said district court and judge thereof, to quash the alternative writ, all with extensive briefs in support of the legal contentions of the parties.

The facts which give rise to this action are set forth in the pleadings and the exhibits attached thereto, and from them it appears that on April 15, 1947, there was filed in said district court an information charging that respondent George F. Kirk "on the 26th day of August A.D. 1946, at the said County of El Paso, did then and there unlawfully, fraudulently and feloniously obtain

from F. E. Funk and Grace Funk, doing business as The Mahan Jewelry Company, a Co-Partnership the sum of One Hundred ($100.00) Dollars, of the value of One Hundred ($100.00) Dollars of the personal property, goods, chattels, and moneys of the said F. E. Funk and Grace Funk, doing business as the Mahan Jewelry Company, a Co-Partnership, by means of and by use of the Confidence Game," and thereafter and on the 15th day of April, 1947, in said district court, upon arraignment, said respondent pleaded guilty and was by said district court adjudged to be guilty as charged in the information and was sentenced to a term of not less than five, nor more than seven, years in the Colorado State Penitentiary.

On September 2, 1949, respondent Kirk filed his petition for a writ of habeas corpus, naming Roy Best, warden of the Colorado State Penitentiary, as a respondent therein. He alleged that on April 15, 1947, he entered his plea of guilty in said district court to an information charging him with obtaining moneys by means and use of the confidence game, and on April 15, 1947, the judgment and sentence was pronounced as hereinbefore stated. It is therein alleged that, "No false pretense or pretenses were used in cashing said check and/or obtaining said goods, money, wares or chattels nor did your petitioner resort to any fraudulent scheme by which he sought to obtain the confidence of, nor was any confidence reposed by, the agent and clerk-employee of The Mahan Jewelry Company in your petitioner. Your petitioner made no representations about his bank balance nor the worth of the check presented and he did not exhibit a pass book, financial statement or any other evidence, instrumentality or device to indicate that the check he tendered would be honored and paid by the bank upon which it was drawn." It is further averred that he merely tendered the check, without any representation, in payment of the purchase price of a watch, and the cash difference between the price of the

watch and the check was received by him. It then is alleged that the information charging obtaining money by means and use of the confidence game was an inadvertence of the district attorney, and that respondent's plea of guilty was entered under the mistaken belief that the charge in the information was proper and correct, whereas, "In fact all of the acts, deeds, activities, intentions and actions of your petitioner were sufficient at law only to make him guilty of a misdemeanor under Section 313, Chapter 48, 1935 C.S.A., instead of the felony 'confidence game' under Section 222, with which he was charged in the District Attorney's information and to which he inadvertently and mistakenly plead guilty on April 15, 1947." Further it is alleged that the petitioner began the serving of his sentence on April 16, 1947, and subsequently, in February, 1949, "learned that under the decision of the Colorado Supreme Court in the case of People v. Lindsay, the making and passing of a bad check, without something more, does not constitute the crime of 'confidence game.' "

Thereafter petitioner "sought to correct and to obtain redress for the mistake he had earlier made [in pleading guilty to the information charging confidence game] and which was not apparent on the face of the record of the original proceeding by filing on April 4, 1949 a petition and motion for vacating sentence in the nature for a Writ of Error Coram Nobis."

In the trial, the judge who had originally sentenced him, at the hearing on this petition on April 4, 1949, held that the evidence did not support the charge of confidence game, and the court then ordered petitioner's former plea of guilty set aside, vacated the sentence imposed upon petitioner on April 15, 1947, and ordered him discharged from imprisonment. It further is alleged that subsequent to the order just mentioned, the district attorney filed a nolle prosequi. Further it is alleged that on or about June 15, 1949, while said order releasing and discharging petitioner was in full force and

effect, the petitioner was apprehended by said warden or his agent and returned to the Colorado State Penitentiary, where he is now confined against his will; without authority, and in violation of said court's order releasing and discharging him from imprisonment.

Upon the petition for writ of habeas corpus being filed, alleging as hereinbefore set forth, a writ was issued in the usual form, commanding the warden of the Colorado State Penitentiary to produce the prisoner before the district court in Colorado Springs, Colorado, on the 14th day of September, 1949, and to abide the orders of said court.

*So far as the record here is documented, no appearance has been entered by Roy Best as warden of the Colorado State Penitentiary in said habeas corpus proceedings now pending in said district court.*

On September 12, 1949, an application for a writ in the nature of prohibition was filed in our court in which is set forth the final judgment and sentence pronounced by the district court in the case of the People of the State of Colorado v. George F. Kirk; Kirk's incarceration in the Colorado State Penitentiary, and his escape therefrom in December, 1947; his remaining at large until July 16, 1948, when he was returned to the Colorado State Penitentiary, where he now is an inmate. It is therein recited that on April 4, 1949, by order of the district court, Kirk was released to the sheriff of El Paso county for return to the district court for a hearing on a motion to vacate the judgment and sentence theretofore and on April 16, 1947, imposed upon him by the district court; and on April 11, 1949, it is alleged, respondent Miller as judge of said district court "did vacate, set aside, and hold for naught the said judgment and sentence made and entered by him during the January 1947 term of said District Court, supra, and did order, adjudge and decree that the said George F. Kirk be and is hereby released from incarceration in the said state penitentiary."

In the application for a writ in the nature of prohibition, it is further alleged that the writ of habeas corpus was made returnable on the 14th day of September, as hereinbefore mentioned, and that the same was improvidently granted, its sole purpose being to review the judgment and sentence of said district court made and entered on April 15, 1947. It is further alleged that the 1947 term of said district court has long since expired and the court is without jurisdiction in the premises and "is attempting to usurp the jurisdiction of this Honorable Court and, through the guise of a writ of habeas corpus, to set itself up as an appellate tribunal and to review, modify and vacate its judgment and sentence of April 15, 1947, without the authority of this Honorable Court." Further, "That the said Court and the said Judge thereof are attempting or are threatening to exercise powers vested by the Constitution of Colorado in the Governor of the State of Colorado in violation of Articles III and IV, Section 7, of said Constitution, and Sections 117 and 118, Chapter 131, 1935 Colorado Statutes Annotated," and that the matters in said application are of great public importance. Upon the filing of the application and a consideration thereof on September 13, 1949, we issued an alternative writ in the nature of prohibition, restraining the respondent court and judge thereof and Kirk from further proceedings in the habeas corpus action until the further order of court and commanded the respondents in said writ named to show cause before our said Court on or before September 22, 1949, at 10 o'clock in the forenoon thereof why they should not be absolutely restrained from any further proceedings in the habeas corpus action.

Respondent Kirk filed his return on September 22, 1949, and a brief in support thereof. The respondent judge, on the same date, filed his motion to quash the alternative writ and an answer thereto together with his brief and argument in support thereof. On Septem-

ber 28, 1949, the attorney general filed a pleading denominated a reply brief, and on October 8, 1949, the respondent district judge filed a brief in answer to the reply brief of the attorney general, and on October 10, 1949, the reply brief of respondent Kirk was filed.

It is apparent from the briefs and exhibits here, which are photostatic copies of orders and petitions filed in the district court in connection with the hearing upon the writ of coram nobis on April 4, 1949, that the court's orders and judgment were based upon its interpretation and construction of our opinion in *People v. Lindsay,* 119 Colo. 248, 202 P. (2d) 951, without having an opportunity of considering our decision in *People ex rel. Metzger v. District Court,* 119 Colo. 451, 208 P. (2d) 79, and *Best, Warden, v. People ex rel. Florom,* 121 Colo. 100, 212 P. (2d) 1007. However, the propriety or impropriety of the order of April 4, 1949, is not a matter for our immediate consideration, and with reference thereto no opinion is expressed.

Respondent judge's motion to quash the alternative writ is based upon five grounds: "1. Petitioner has not in and by his application for writ in the nature of prohibition set forth sufficient or any facts upon which the relief prayed for should be granted; 2. Petitioner has an adequate and speedy remedy at law by writ of error; 3. The District Court has jurisdiction over writs of habeas corpus and is not exceeding its jurisdiction; 4. The application for the writ is premature as the District Court has not yet held a hearing on the petition for writ of habeas corpus and has not yet made a determination as to the merits of the petition and as to whether the prisoner should be released; 5. Petitioner has filed no objection nor motion to quash or dismiss the proceeding in the District Court and has not given the District Court any opportunity to correct any alleged errors and the application of this writ is therefore premature."

The Constitution of the State of Colorado pro-

vides, "The privilege of the writ of habeas corpus shall never be suspended, unless when in case of rebellion or invasion the public safety may require it." Article II, section 21. District courts have jurisdiction in habeas corpus proceedings under Article VI, section 11, as well as under the provisions of chapter 77, '35 C.S.A. *In re Arakawa,* 78 Colo. 193, 240 Pac. 940; *In re Phillips,* 93 Colo. 203, 24 P. (2d) 755; *Hart v. Best, Warden,* 119 Colo. 569, 205 P. (2d) 787.

 Actions in habeas corpus are civil in nature, and a judgment therein is reviewable by writ of error. *People ex rel. v. Court of Appeals,* 27 Colo. 405, 61 Pac. 592; *Martin, Warden v. District Court,* 37 Colo. 110, 86 Pac. 82; *Flynn v. Kasper,* 26 Colo. App. 344, 144 Pac. 1137; *Ex Parte Tom Tong,* 108 U.S. 556, 27 L. Ed. 826; Church on Habeas Corpus (2d ed.), p. 139, §88; 25 Am. Jur., p. 151, §12; 39 C.J., p. 426, §1; Extraordinary Legal Remedies, Ferris, p. 28, §11. The writ of habeas corpus may not be substituted for a writ of error. *Hart v. Best, Warden, supra,* and cases therein cited; *Best, Warden v. People, supra.*

 It may be stated as a general rule that in a habeas corpus action by a person convicted of a crime the sole question for consideration is whether the petitioner therein was convicted in a court having jurisdiction of his person and of the charge in the information, and the judgment and sentence were within the statutory limitations. *Knewel v. Egan,* 268 U.S. 442, 45 Sup. Ct. 522, 69 L. Ed. 1036; 25 Am. Jur., §§12, et seq.; 1 Bailey on Habeas Corpus, p. 79, §30. Habeas corpus may not ordinarily be substituted for a writ of error. *Hart v. Best, Warden,* supra; *Sunal v. Large,* 332 U.S. 174, 67 Sup. Ct. 1588, 91 L. Ed. 1982.

 We construe the petition for a writ of habeas corpus here sufficient to establish a prima facie case entitling the respondent Kirk to a hearing, recognizing that the writ of habeas corpus is a writ of right, but not

necessarily a writ issuable without a showing of probable cause.

■ The judge of the district court has not, by statement or otherwise, as was done in *People ex rel. v. District Court, supra,* indicated what his action may be when the hearing is had in the habeas corpus proceeding. Any errors, if such there be, by which either the petitioner or the respondent in the habeas corpus proceeding may find themselves aggrieved, may properly be reviewed by this court on writ of error. *Martin, Warden v. District Court,* 37 Colo. 110, 86 Pac. 82.

■ After due consideration we are persuaded that the original proceeding here, in the nature of prohibition, was premature and inadvertent. We arrive at this conclusion by reason of the fact that jurisdiction of the district court to issue its writ never had been challenged. So far as we are advised, it is an established rule, recognized in this jurisdiction, with exceptions thereto not here involved, that a writ in the nature of prohibition will not be issued to an inferior court unless the attention of such court has been called to its alleged lack of jurisdiction, which has not been done in the instant case. *Justice Court v. People ex rel.,* 109 Colo. 287, 124 P. (2d) 934; 2 Bailey on Habeas Corpus, p. 1420, §369; Extraordinary Legal Remedies, Ferris, p. 429, §320; High's Extraordinary Legal Remedies (3d ed.), p. 722, §773; 35 A.L.R., p. 1090; 42 Am. Jur., p. 172, §38; 50 C.J., p. 695, §98.

Accordingly, the alternative writ in the nature of prohibition is quashed, and the cause dismissed.

### On Petition for Rehearing

Mr. Justice Alter.

The record and briefs considered, and no return to the writ of habeas corpus involved herein having heretofore been made on behalf of Warden Best, the respondent therein, and, further, the district attorney's

apparent acquiescence with the court's judgment entered in the coram nobis proceeding herein in April, 1949, it is ordered that the district court permit the Attorney General of the state to appear and represent respondent in the habeas corpus proceeding, with full power and authority to seek a review of any judgment entered by said court therein, if he deem it necessary or advisable.