No. 16,486.

KIRK *v.* BEST, WARDEN OF THE STATE PENITENTIARY.
(225 P. [2d] 850)

Decided December 11, 1950.

Messrs. ZIEGLER & HOYT, for plaintiff in error.

Mr. JOHN W. METZGER, Attorney General, Mr. ALLEN MOORE, Deputy, Mr. FRANK A. WACHOB, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error, as petitioner, obtained a writ of habeas corpus which, on hearing upon return and reply thereto, was dismissed. Error is assigned to the judgment of dismissal.

On April 15, 1947, a criminal information was filed in the district court in which petitioner was charged under section 222, chapter 48, '35 C.S.A., with obtaining money "by use of the confidence game." On the same day, without representation by counsel, he entered a plea of guilty of the charge, and upon the evidence taken, the court sentenced him to a term in the Colorado State Penitentiary of not less than five years and not more than seven years, and he was received at the penitentiary on committment April 16, 1947.

The record discloses that on the 26th day of August, 1946, petitioner, in the purchase of a $60 watch from the Mahan Jewelry Company of Colorado Springs, Colorado, gave a check on the Colorado Savings Bank of Colorado Springs for one hundred dollars, receiving the watch and forty dollars in change. In due course, the check was returned with the notation, "no account."

Two years after sentence, and after the expiration of six or more terms of court, petitioner, alleging that he had been wrongfully sentenced in that, under all the facts, he was not guilty of a confidence game, and should have been sentenced under section 313, chapter 48, '35 C.S.A., known as the "short check" statute, obtained a writ in the nature of coram nobis. At a hearing thereon, which was in the nature of a review of the former sentence and judgment, the district attorney offered no resistence, but apparently acquiesced in the action of the trial court which was, after consideration of the petition and evidence offered thereon, the entry of a finding on April 4, 1949, that the evidence did not support the charge of violating section 222, supra, being the con-

fidence game statute; that the defendant was erroneously sentenced thereunder; and the entry of an order on the finding that defendant's former plea of guilty be set aside and that the sentence theretofore imposed be vacated, set aside, and held for naught, and that the defendant be released from incarceration in the penitentiary. Thereafter, on August 31, 1949, the district attorney filed reasons for moving the court to enter an order of nolle prosequi, stating that the evidence available does not justify a further prosecution, nor warrant a conviction of the defendant of the former charge, and the order of court releasing defendant was promptly entered. The defendant was at liberty until June 15, 1949, when the warden of the state penitentiary caused his rearrest and incarceration as an escaped prisoner. Thereafter, and on the 2nd day of September, 1949, defendant petitioned the trial court for the issuance of a writ of habeas corpus, alleging generally the illegal detention of defendant by the warden. The writ was issued. Whereupon, the People, on the relation of the Attorney General, applied to this court for a writ in the nature of prohibition against the district court that was about to hear the habeas corpus proceeding. We issued an alternative writ to show cause on or before September 22, 1949, why the writ should not be made permanent. On the answer and return of respondents, the alternative writ was quashed; however, on the petition for rehearing, due to the apparent acquiescence of the district attorney in the action of the trial court in the coram nobis proceeding, we directed the trial court to permit the Attorney General to represent the respondent in the habeas corpus proceedings, and with full authority to seek review of any judgment entered therein if advisable. *People ex rel. Metzger, Attorney General v. District Court*, 121 Colo. 141, 215 P. (2d) 327. The Attorney General, on direction of the Governor of the State of Colorado, entered his appearance and made return to the writ for the respondent warden of the penitentiary, al-

leging that the defendant was being lawfully detained in the petitentiary under and pursuant to a mittimus issued out of the district court of El Paso county on April 15, 1947.

On the habeas corpus hearing that immediately followed, the Attorney General contended that in the coram nobis proceeding, the order and judgment of the district court in vacating and setting aside the original sentence and judgment of April 14, 1947 was void and of no effect and beyond the jurisdiction of the court. At the conclusion of the hearing, the trial court directed that all orders, judgments and decrees entered April 4, 1949 on the coram nobis proceedings be vacated, discharged and held for naught, and that the judgment of conviction and sentence theretofore entered on April 15, 1947, be reinstated; that the writ of habeas corpus theretofore issued be dismissed; and that the petitioner be remanded to the custody of the warden of the penitentiary to serve the balance of the sentence theretofore imposed on April 15, 1947. To review the order and judgment dismissing the writ of habeas corpus and vacating the orders entered on the coram nobis proceedings, the petitioner seeks this review.

■ ■ From aught that appears in the record, the original sentence on a plea of guilty conformed to the statute in every respect and was not open to a review other than by writ of error. We do not purpose to burden this opinion or the official reports of this court with a further discussion of this question, since the identical point was determined in a similar situation in the case of *People ex rel. v. District Court,* 119 Colo. 451, 208 P. (2d) 79, announced June 13, 1949, and available to counsel long prior to instituting the present action. And, also, we definitely made clear any misapprehension about our decision in the case of *People v. Lindsay,* 119 Colo. 248, 202 P. (2d) 951, decided January 24, 1949, which decision was claimed to be the basis of the coram nobis petition here involved. The coram nobis proceed-

ing, seemingly still recognized in this jurisdiction, was available to the petitioner only for the correction of errors of fact unknown to petitioner at the time of the entry of the plea of guilty resulting in the sentence of which complaint is made. All facts made to appear by this petitioner in that proceeding were well known to him at the time he entered his plea. Neither the facts nor the law were changed by the decision in the case of *People v. Lindsay, supra.* The plea was not made through any mistake of fact, duress or fraud. He cannot now be allowed to avoid the result of his negligence or failure to defend against the crime as charged. Under all the decisions of this court, the original sentence and judgment herein was legally proper and correct and not subject to a review by the trial court; therefore, its judgment, two years later, vacating the original sentence, was beyond its jurisdiction and wholly void.

The arrest and reincarceration of petitioner by the warden as an escaped prisoner was legal and proper. "An escape is perpetrated where a prisoner secures his liberty through some illegal or void order, and he can be retaken and compelled to serve out his sentence * * *." 19 Am. Jur., p. 368, §22. Therefore, we determine that petitioner was not being unlawfully deprived of his liberty by the respondent warden herein and that the judgment of the trial court in reinstating the original sentence and dismissing the writ of habeas corpus was correct.

We fail to comprehend why counsel for the petitioner herein did not consider the recent cases of this court, *Best v. People ex rel.,* 121 Colo. 100, 212 P. (2d) 1007, and *People ex rel. v. District Court,* 119 Colo. 451, 208 P. (2d) 79, which are, beyond doubt, controlling as to every question here presented.

The judgment is affirmed.

Mr. Justice Jackson concurs in the result.

Mr. Justice Moore not participating.