Jere Lane HENRY, Appellant,

v.

Harry C. TINSLEY, Warden, Colorado State Penitentiary, Appellee.

No. 7988.

United States Court of Appeals

Tenth Circuit.

April 12, 1965.

Ronald S. Pred, of Goldberg & Pred, Denver, Colo., for appellant.

James W. Creamer, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., State of Colorado, on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

The trial court dismissed appellant Henry's habeas corpus petition because he had not exhausted his state court remedies. Appellant sought relief from a four to five year sentence imposed by a Colorado court after a jury verdict of guilty. Appointed counsel represented him at the state trial and argued a motion for new trial but did not appear at the time of imposition of sentence. His complaint is that the sentence is void because of the absence of counsel when sentence was pronounced.

Rule 35(b) of the Colorado Rules of Criminal Procedure is substantially similar to 28 U.S.C. § 2255 and furnishes a readily available remedy for post-conviction relief. Colorado Rules 37 and 39 permit appellate review by writ of error of decisions made under Rule 35(b).

■ Appellant brought a Rule 35(b) proceeding in the sentencing court and was denied relief. He did not appeal to the Colorado Supreme Court. Later he filed an original habeas corpus petition in the state supreme court. In Colorado the sole question in a habeas corpus action by one convicted of a crime is whether the sentencing court had ju-risdiction of the person and the offense and whether the sentence was within the statutory limitations.[1] The Colorado Supreme Court dismissed the habeas corpus petition. Nothing in the record indicates, and the appellant may not claim, that the state supreme court reached the merits of his petition.

Section 2254, 28 U.S.C., provides that federal habeas corpus is not available to a state prisoner unless he has exhausted the remedies available in the state courts. Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 847, 9 L.Ed.2d 837, holds that § 2254 "is limited in its application to failure to exhaust state remedies still open to the habeas applicant at the time he files his application in federal court."

■ When appellant filed his federal habeas application, he still had time to seek a review by writ of error in the state supreme court of the adverse ruling in his state Rule 35(b) proceeding.[2] Under Fay v. Noia, § 2254 applies because he did not exhaust a state remedy open to him at the time he sought relief by habeas corpus from the federal court.

■ The disposition by the state supreme court of the habeas corpus petition did not satisfy the requirement of exhaustion of state remedies because in Colorado habeas corpus is not a substitute for review by writ of error.[3] The sentencing court had jurisdiction of the person and the offense and the sentence was within the statutory limits. At the most the judgment was voidable and should have been tested by the state remedy open to appellant when he applied for relief by habeas corpus from the federal court.

Affirmed.

1. Stilley v. Tinsley, Colo., 385 P.2d 677, 686. See also People ex rel. Metzger v. District Court, 121 Colo. 141, 215 P.2d 327.

2. The adverse ruling was made April 1, 1964. The federal habeas petition was filed August 3, 1964. In Colorado ap-pellate review is by writ of error which must issue within six months from the date of the judgment or order sought to be reviewed.

3. Specht v. Tinsley, Colo., 385 P.2d 423, 424.