**Charles E. W. SAXTON, Sr., Appellant,**

v.

**Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Appellee.**

**No. 9027.**

United States Court of Appeals
Tenth Circuit.

Dec. 16, 1966.

George Miskovsky, Jr., of Miskovsky, Sullivan, Embry, Miskovsky & Turner, Oklahoma City, Okl., for appellant.

James W. Creamer, Jr., Asst. Atty. Gen., Denver, Colo. (Duke W. Dunbar, Atty. Gen., Frank E. Hickey, Deputy Atty. Gen., with him on the brief), for appellee.

Before PICKETT and HICKEY, Circuit Judges, and STANLEY, District Judge.

PER CURIAM.

Appellant Saxton is confined in the Colorado State Penitentiary at Canon City, Colorado, where he is serving sentences imposed in two separate cases. On a plea of guilty to a charge of aggravated robbery, the District Court of Arapahoe County, Colorado, imposed a sentence of four to eight years. On the same day, following a plea of guilty to the crime of conspiracy to commit aggravated robbery, the District Court of Adams County, Colorado sentenced Saxton to a term of two to ten years, to run concurrently with the Arapahoe County sentence.

The habeas corpus petition filed herein was denied for the reason that available state remedies had not been exhausted.

Rule 35(b) of the Colorado Rules of Criminal Procedure provides a method for post-conviction relief to those sentenced by Colorado State Courts which is substantially the same as that of 28 U.S.C. § 2255. Saxton filed motions under the Colorado rules in the sentencing courts. The Arapahoe County District Court denied the motion, and no appeal was taken to the Supreme Court of Colorado as authorized by Colorado Rules of Criminal Procedure 37 and 39. We have

not been advised as to the disposition of the motion in the Adams County District Court.[1]

Later Saxton instituted habeas corpus proceedings in the Supreme Court of Colorado, which were dismissed for the reason that habeas corpus is not available as a substitute for review by writ of error. Specht v. Tinsley, 153 Colo. 235, 385 P.2d 423; Henry v. Tinsley, 10 Cir., 344 F.2d 109.

It is apparent that Saxton has not exhausted his state remedies in either of the cases in which he was sentenced.

Affirmed.

---

1. The United States District Court's dismissal order states that the motion in the Adams County District Court is still pending.