James V. **BRECKENRIDGE**, Appellant,

v.

Wayne K. **PATTERSON**, Warden, Colorado State Penitentiary, Appellee.

No. 9093.

United States Court of Appeals
Tenth Circuit.

March 9, 1967.

---

W. Allen Spurgeon, Colorado Springs, Colo., for appellant.

John P. Moore, Asst. Atty. Gen., Denver, Colo. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., Denver, Colo., with him on brief), for appellee.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellant pled guilty to a charge of burglary and was sentenced by the County Court of Clear Creek County, Colorado, to a term of eight to ten years. Subsequently, he filed a petition in the District Court of Clear Creek County under Rule 35(b), Colo.R.Crim.P., to vacate the sentence on the grounds the County Court was without jurisdiction in felony cases. The sentence was vacated and appellant, after requesting leave to change his plea, was sentenced to a term of three to five years. No appeal was perfected.[1]

Thereafter petitions for habeas corpus were denied by the District Court of Clear Creek County on the grounds the proper remedy was a writ of error, and by the Colorado Supreme Court without comment.

The petitions stated in substance that appellant's constitutional rights were infringed because he was denied counsel in the County Court proceedings, was denied the opportunity to plead and the District Court failed to make findings of fact and conclusions of law when it vacated his sentence. His habeas corpus petition to the federal district court was then denied for the reason that state remedies had not been exhausted.

It is true that Rule 37(d), Colo.R. Crim.P., provides that "[n]o writ of error * * * shall lie to a judgment based upon a plea of guilty * * *."

Habeas corpus, however, is not the proper remedy in Colorado to gain review of the questions raised by appellant. The proper procedure is a motion under Rule 35 followed by a writ of error. Stewart v. Tinsley, 403 P.2d 220 (Colo. 1965); Shearer v. Patterson, 411 P.2d 247 (Colo.1966); Saxton v. Patterson, 370 F.2d 112 (10 Cir. 1966). It appears certain that the Colorado Supreme Court has never examined the merits of appellant's complaints.

"In Colorado the sole question in a habeas corpus action by one convicted of a crime is whether the sentencing court had jurisdiction of the person and the offense and whether the sentence was within the statutory limitations. * * * Nothing in the record indicates, and the appellant may not claim, that the state supreme court reached the merits of his petition." Henry v. Tinsley, 344 F.2d 109, 110 (10 Cir. 1965).

Recently, in a similar case wherein the accused pled guilty and followed the same procedure as appellant, this court said:

"Rule 35(b) of the Colorado Rules of Criminal Procedure provides a method for post-conviction relief to those sentenced by Colorado State Courts which

1. Rule 35(b) provides: "* * * The order of the trial court granting or denying the motion is a final order reviewable on writ of error."

is substantially the same as that of 28 U.S.C. § 2255. Saxton filed motions under the Colorado rules in the sentencing courts. The Arapahoe County District Court denied the motion, and no appeal was taken to the Supreme Court of Colorado as authorized by Colorado Rules of Criminal Procedure 37 and 39. * * * Later Saxton instituted habeas corpus proceedings in the Supreme Court of Colorado, which were dismissed * * *. It is apparent that Saxton has not exhausted his state remedies * * *."
Saxton v. Patterson, 370 F.2d 112 (10 Cir. 1966).

Affirmed.