No. 27854

**The People of the State of Colorado v. Ralph E. Attebury**

(587 P.2d 281)

Decided December 4, 1978.              Rehearing denied December 26, 1978.

William D. Harmsen, District Attorney, Reid Pixler, Deputy, for plaintiff-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, David K. Rees, Assistant, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Charles R. Greenacre, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This appeal by the district attorney was taken to determine whether the district judge erred when, prior to trial, he dismissed a five-count information which charged that the defendant issued a series of bad checks and committed theft by deception. We reverse and remand with directions to reinstate the charges against the defendant.

After a preliminary hearing in the county court, the defendant was bound over for trial in the district court. The county court found that:
"The evidence presented by the People demonstrates that the Defendant had a bank account at the First National Bank of Cedaredge; that a letter from the bank to the Defendant dated February 8, 1977, advised the Defendant that his account was closed effective that date; the bank's records contained a return receipt showing the Defendant received the letter February 9, 1977; that on February 10, 1977, the Defendant wrote checks on said account on four different businesses and obtained from the proprietors and their agents, merchandise and cash; that with respect to three of the checks, the Defendant made no oral representations as to whether the checks were good or not, but at the time he tendered a check for $35 to Anderson Grocery he apologized for previously giving a bad check and promised that it would not happen again; all four checks were returned indicating that the account on which they were written had been closed."

The Defendant was charged with one count of theft by deception, section 18-4-401, C.R.S. 1973 (1976 Supp.),[1] a felony, and with four mis-

---

[1] Section 18-4-401, C.R.S. 1973 (1976 Supp.) provides, in pertinent part:
"*Theft.* (1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization or by threat or deception, and
"(a) Intends to deprive the other person permanently of the use or benefit of the thing of value. . . ."

demeanor counts for issuance of bad checks. Section 18-5-512(3), C.R.S. 1973. The trial court dismissed all charges, holding, *inter alia,* that "the purchase of goods with an insufficient check without express representation [*i.e.,* that the checks were drawn upon an existing account] is not covered by the theft statute."

## I.

On appeal, the defendant has not challenged the prosecution's contention that the district judge erred in dismissing the four counts which charged violation of the bad check statute. Section 18-5-512(3) provides: "*Issuance of a bad check.* . . . (3)    Except as provided in section 18-5-205, a person commits a class 3 misdemeanor if he issues or passes a check or similar sight order for the payment of money, knowing that the issuer does not have sufficient funds in or on deposit with the bank or other drawee for the payment in full of the check or order as well as all other checks or orders outstanding at the time of issuance."

■    The prosecution's allegations, if proven, would bring the defendant's conduct within the ambit of section 18-5-512(3), C.R.S. 1973. The dismissal of the bad check charges was error which requires reversal and the reinstatement of the bad check charges.

## II.

■    The elements necessary to support a conviction for theft by deception (section 18-4-401(1)(a), C.R.S. 1973 (1976 Supp.)) are "knowing control, either without authorization or by threat or deception," coupled with the intent to "deprive the other person permanently of the use or benefit of the thing of value." *People v. Treat,* 193 Colo. 570, 568 P.2d 473, 475 (1977); *Lewis v. People,* 174 Colo. 334, 483 P.2d 949 (1971); *see also Maes v. People,* 178 Colo. 46, 494 P.2d 1290 (1972); *People v. Terranova,* 38 Colo. App. 476, 563 P.2d 363 (1977).

■    The prosecution asserts that the defendant issued checks for money or goods knowing that the account on which the checks were drawn had been closed. The narrow question is whether the issuance of a check drawn on a closed account, without a further representation by the drawer to the recipient of the check that it was drawn on an existing account is defined as a criminal offense in the theft by deception statute. We answer that question in the affirmative. The prosecution's contentions, if proven, would demonstrate that defendant, knowing he had no right to the money held by the bank, used a means of deception to obtain funds and that he obtained cash or property with full knowledge that he was not entitled to it. *Lewis v. People, supra,* 174 Colo. at 341, 483 P.2d at 953.

■ This is not a theft case predicated on allegations that a defendant drew a check, knowing that he did not have sufficient funds on deposit to cover the check. *See* section 18-5-512(3), C.R.S. 1973; *People v. Quinn,* 190 Colo. 534, 549 P.2d 1332 (1976); *People v. Vinnola,* 177 Colo. 405, 494 P.2d 826 (1972). Here, defendant, with the intent to obtain and deprive another person of money or property, issued a check on an account which he knew had been closed. Under the circumstances here, the mere issuance of the check, without more, is a means of deception proscribed by section 18-4-401, C.R.S. 1973 (1976 Supp.). The recipients of the checks in this case would not have parted with the "thing of value" if they had not believed that the check they received in payment had been drawn on an existing account. The issuance of the checks in this case was sufficient to constitute the deception forbidden by the theft statute.

Defendant relies on our decision in *People v. Lindsay,* 119 Colo. 248, 202 P.2d 951 (1949), to support his contention that the mere issuance of a check, without a further representation by the drawer that the check has been drawn on an existing account, is not a means of deception within the meaning of section 18-4-401, C.R.S. 1973 (1976 Supp.). His reliance is misplaced.

The defendant in *Lindsay* was prosecuted under the "confidence game" statute, § 222, chapter 48, 1935 C.S.A., which provided, in pertinent part, that:

"Every person who shall obtain, or attempt to obtain from any other person or persons, any money or property by means of or by use of brace faro, or any false or bogus checks, or by any other means, instrument or device, commonly called confidence games, shall be liable to indictment, and on conviction shall be punished by imprisonment in the penitentiary for any term not less than one year, nor more than twenty years. . . ."

The defendant in that case allegedly issued a check for money and goods on a bank account which had been closed. In *Lindsay,* we said that there is:

"[O]nly one question presented for determination by this court, that is: Did the acts complained of constitute the offense of obtaining money by means of a confidence game as defined by the statute?" *Id.* at 250.

In *Lindsay,* we reviewed the legislative history of the confidence game statute and concluded that the legislature did not intend to include the defendant's conduct within that proscribed by the confidence game statute. We expanded on that holding in *People ex rel. Metzger v. District Court,* 119 Colo. 451, 208 P.2d 79 (1949):

"All 'short' checks are not 'false and bogus checks,' within the meaning and intent of the confidence game statute. Error, confusion, and injustice have no doubt arisen from the blithe manner in which the words 'false and bogus' have been pleasingly grasped by some prosecutors in seeking severe

punishment in many cases." *Compare, Chasse v. People,* 119 Colo. 160, 201 P.2d 378 (1948).

■ But the court which decided *Lindsay* and *Metzger* did not consider or determine whether the acts of the defendants in those cases were deceptive or constituted a means of deception which transgressed section 18-4-401, C.R.S. 1973 (1976 Supp.) or its predecessors. In this case, the theft statute requirement that the defendant obtain control of another's property by "deception" is satisfied by proof that he knowingly issued a check drawn on a closed account and thus obtained control of the property of another.

Accordingly, the district court erred in dismissing the charges against the defendant. The cause is remanded with directions that the district court reinstate the charges in this case and conduct further proceedings not inconsistent with the views expressed in this opinion.