Commonwealth ex rel. Palmieri *v.* Ashe, Warden.

PER CURIAM, April 10, 1940:

To the rule to show cause, issued pursuant to the relator's petition for writ of habeas corpus, answers have been filed by the warden and the District Attorney of Indiana County. The facts may be stated as follows: On April 29, 1899, the relator was sentenced to the Eastern State Penitentiary for the term of twenty years, for murder in the second degree committed in York County. The sentence was imposed before the enactment of legislation providing for the imposition of indeterminate sentences, with maximum and minimum periods of imprisonment, and was not affected by

subsequent statutes providing for such indeterminate sentences. When sentenced and committed the statute governing commutation for good conduct was the Act of May 21, 1869, P. L. 1267, and its supplement of February 12, 1870, P. L. 32. The commutations provided for in those acts did not accrue and become effective until the deductions to be allowed for good conduct added to the period served amounted to the term of the sentence, and were then allowed, if the governor so directed, on the certificate of the warden or principal keeper of the prison or penitentiary with the approval of the board of inspectors of the same. For example if a prisoner sentenced to twenty years in the penitentiary had no charge of misconduct against him the first year of his imprisonment, his sentence did not thereby become shortened to nineteen years and eleven months, and to nineteen years and ten months at the end of the second year, etc., but if during his entire stay in prison there was no charge of misconduct against him, and the governor so directed, he could be discharged at the end of fourteen years and one month, deducting one month for each of the first and second years, two months for the third, three months for the fourth and four months for the fifth and succeeding years—,upon the certificate of the warden, approved by the board of inspectors; but no commutation or deduction attached until he was ready to be discharged, and the benefits of the Act would be lost for any misconduct occurring before his discharge.

The Act of 1869 was superseded by the Act of May 11, 1901, P. L. 166, which increased the commutation of sentence, and fixed the following schedule of deductions from the sentence which the prisoner could earn for himself by good conduct, if the governor so directed and the board of inspectors approved, to wit, two months for the first year, three months for the second, four months each for the third and fourth years, and

five months for the fifth and each subsequent year; but it was provided in section 4 that in commuting the sentence, the governor should annex a condition to the effect that if any convict, during the period between the date of his discharge and the date of expiration of the full term of his sentence, should be convicted of any felony, he should, in addition to the penalty which might be imposed for such felony committed in the interval, be compelled to serve the remainder of the term, without commutation, which he would have been compelled to serve but for the commutation of his sentence. But, just as under the Act of 1869, the commutations did not attach until the prisoner was ready to be discharged.

Under the Act of 1901, the relator's period of imprisonment was shortened for good conduct from twenty years to twelve years and three months, conditioned as above, and at the end of that time (July 29, 1911) he was discharged, subject, however, to the condition annexed by the governor as above set forth, pursuant to section 4 of the Act of 1901. The commitment record and the governor's authorization for release, subject to said condition, are on file in the Eastern State Penitentiary.

On June 29, 1914, before the expiration of the commutation period of seven years and nine months, relator was convicted in the Court of Oyer and Terminer of Indiana County of murder in the second degree, (No. 1 March Sessions 1914) and was sentenced to a minimum period of nineteen years and a maximum period of twenty years in the Western State Penitentiary; and under the condition annexed to his discharge on commutation, he was first compelled to serve in said penitentiary, without commutation, the seven years and nine months allowed for good conduct on his sentence to the Eastern State Penitentiary.

On March 29, 1932, after serving the seven years and nine months, conditionally commuted from his first sen-

tence, and ten years of his second sentence (see Act of June 22, 1931, P. L. 864), relator was released on parole by the Governor, on recommendation of the Board of Trustees of the Penitentiary and the Board of Pardons.

On April 13, 1934, relator was convicted in a court of record of New York of the crime of attempted assault, second degree, and was sentenced to serve a term of two and one-half years in a New York State prison; but said sentence was suspended subject to his return to Pennsylvania as a parole violator. He was accordingly returned to the Western State Penitentiary on April 29, 1934 to serve the period of ten years, without commutation (*Com. ex rel. Meinzer v. Smith,* 118 Pa. Superior Ct. 250, 180 A. 179) of his maximum sentence of twenty years imposed on June 29, 1914, and is rightfully detained in custody, and will be until April 29, 1944.

The rule is discharged and the petition denied.