Commonwealth ex rel. Campbell *v.* Ashe, Warden.
Commonwealth ex rel. Shupe *v.* Ashe, Warden.

PER CURIAM, October 2, 1940:

These petitions for writs of habeas corpus were separately filed by the relators, who had been jointly charged with the commission of six crimes and who pleaded guilty to indictments, prepared and duly authenticated by the District Attorney of Indiana County, without presentation to a grand jury, under the Act of April 15, 1907, P. L. 62. The pleas were severally entered on

the indictments, waived their presentation to the grand jury, and were signed by the relators—by Shupe on June 21, 1937 and by Campbell on July 12, 1937. See *Com. ex rel. Mayernick v. Ashe*, 139 Pa. Superior Ct. 421, 12 A. 2d 452.

Sentences were pronounced on July 12, 1937, to run consecutively, which were within the limits of the sentences prescribed for the several offenses to which they had pleaded guilty, except that the court did not follow the injunction of the Act of May 28, 1937, P. L. 1036, which, in part, provides: "That from and after the passage of this act, all sentences for criminal offenses of persons who at the time sentence is imposed are held in custody ...... shall begin to run and be computed from the date of commitment for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses ...... Section 3. If the sentence imposed shall be to any penitentiary or prison other than that in which the person sentenced shall have been held in custody, it shall be the duty of the court to state in the sentence the date of commitment of such person." As relators were committed to the county jail for these same offenses on April 21, 1937, their imprisonment should begin to run on the first sentence from April 21, 1937, instead of July 12, 1937. The sentences will be corrected accordingly. The Act of May 17, 1929, P. L. 1808, fixing the first day of September next following their final enactment as the general date upon which acts of assembly shall take effect, is not applicable, for the Act of May 28, 1937, supra, specifies that it shall be in force "from and after the passage of this act", which is the equivalent of the expression, "This act shall become effective immediately upon final enactment."

With this exception, there is no merit in the petitions.

(1)  As the relators severally pleaded guilty to all the indictments, the court was under no duty to appoint counsel to represent them: *Com. ex rel. Curtis v. Ashe,* 139 Pa. Superior Ct. 417, 12 A. 2d 500.  They knew whether or not they were guilty of the offenses charged. They do not, even in these proceedings, deny their guilt.

(2)  Conversations with the district attorney, in which he advised them, if guilty, to enter pleas without trial, even if they took place—which he denies— furnish no ground for a discharge on habeas corpus. Alleged promises by the county detective or jail warden to the effect that if they pleaded guilty to all charges, they would be sentenced on only one, likewise furnish no such ground.  Both relators had been sentenced before and knew that the judge alone did the sentencing, and the detective and warden could not speak for him. They likewise deny the statement.

(3)  The indictment to No. 18 June Sessions, 1937 was for the larceny of a registration plate from the automobile of Joe Benko.  The fact that it was *endorsed* simply, Felony, is not material: *Com. v. Arcurio,* 92 Pa. Superior Ct. 404, 406.

(4)  Statutes relating to commutation of sentences go into force as of their effective date and apply to sentences thereafter imposed irrespective of the date when the offense was committed. *Com. ex rel. Palmieri v. Ashe,* 139 Pa. Superior Ct. 425, 12 A. 2d 505. Furthermore, if the prisoner behaves himself well, thus entitling himself to commutation, the Act of June 25, 1937, P. L. 2093, is to his advantage, for he does not have to apply for constructive parole at the expiration of each minimum sentence, but obtains full advantage by applying at the expiration of the total of said minimum sentences.  See *Com. ex rel. McGinnis, v. Ashe,* 330 Pa. 289, 290, 291, 199 A. 185.

Except for the correction of the date when the first sentence was to take effect as to each relator, the rule in each case is discharged and the petition refused.