No. 16,212.

KELLEY *v.* THE PEOPLE.
(206 P. [2d] 337)

Decided April 25, 1949.

2

Mr. JAMES KELLEY, pro se.

Mr. JOHN W. METZGER, Attorney General, Mr. JOSEPH E. NEWMAN, Deputy, Mr. RAYMOND B. DANKS, Assistant, for the people.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

PLAINTIFF in error, to whom we hereinafter refer as defendant, together with a companion, one Frank Morris, were named defendants in an information filed in the district court of Mesa county on the 28th day of July, 1937. The charge contained in said information was that the defendant did in the county of Mesa, on or about the 25th day of July, 1937, wilfully, unlawfully, feloniously and burglariously break and enter the storehouse of the Safeway Stores, Inc. in the city of Grand

Junction with intent to steal, take and carry away personal property situated therein.

On August 4, 1937, upon arraignment of the defendant he entered a plea of guilty and was sentenced to the State Reformatory at Buena Vista where he was received and discharged after serving said sentence. The following entry was made in the record at the time of the entry by defendant of the plea of guilty: "August 4, 1937. Defendants arraigned, furnished copy of information, names of jurors and witnesses. Information was read, penalty explained, after which each tendered a plea of guilty. Evidence taken. Defendants heard. Ordered that defendants and each of them be and he is hereby sentenced to an indefinite term in the state reformatory at Buena Vista."

On November 19, 1948, more than eleven years after the judgment of the court was pronounced upon the plea of guilty, defendant, appearing pro se, filed what purports to be a motion for a writ of error coram nobis. In this motion defendant states that he is currently serving a prison term of five to ten years in the state of New York for attempted burglary, and that in imposing the sentence the New York court acted under "the second offender law" and that the above mentioned conviction in Mesa county was the offense used in the New York court as a basis for substantially increasing the penalty imposed upon defendant following his conviction before the New York tribunal. Defendant in his said motion alleges as ground for the issuance of said writ: "(a) That he was not advised of his right to counsel; and that at his then age of seventeen years, he could not competently and intelligently have waived so vital a right. (b) That, because of his ignorance of law, he pleaded guilty to the charge of Burglary without the guidance of counsel, a palpable contradiction of fact and law which nullified the conviction and the Judgment thereupon." Defendant seeks, by invalidating the conviction before the Mesa county district court, to

avoid the increased penalty imposed upon him by the New York court.

To this motion by defendant the District Attorney filed a motion to dismiss. The trial court appointed an attorney to represent the defendant ánd on February 14, 1949, the court, after hearing arguments, denied the District Attorney's motion to dismiss. The court thereupon considered defendant's motion on its merits, at the conclusion of which the court made findings as follows: 1. That the trial judge presiding in said court at the time of the entry of the plea of guilty made the record entry as hereinabove set forth. 2. That it was the practice of the District Attorney at the time of the entry of said plea to explain to accused persons their right to be represented by counsel, and that if such persons were without funds the court would appoint counsel, and the court found that the presumption was that defendant had such rights explained to him before entering his plea of guilty. 3. That defendant stated that at that time he was twenty years of age and gave his birth date as May 2, 1918. 4. That the defendant following his arrest signed a statement under oath in which he admitted: that he and his companion, Frank Morris, entered the store premises by means of a skylight, intending while in the store to obtain something to eat, and upon gaining entry found the cash register open, from which the said Frank Morris took some coins; that while in the store they became aware that they were discovered by the police and left the store by the same route by which they had entered; that they were apprehended by the officers upon reaching the street. 5. The co-defendant, Frank Morris, signed a similar statement under oath. 6. The court further found: "That no advantage appears to have been taken of said defendant; that it is not claimed by said defendant in his motion or otherwise that he was not actually guilty of the crime charged; that said defendant's rights were in no way prejudiced by failure of the court to appoint

an attorney to represent him; that it does not appear that said defendant asked for counsel; that the charge was one for burglary and was easily understood by the average person of his age; that he was given the minimum and only sentence that could possibly be given under the circumstances in this case. * * *"

While there is some conflict in the record we think it reasonably certain that at the time defendant entered his plea of guilty he was actually eighteen years and three months old.

No transcript of the evidence considered by the court upon the hearing is made a part of this record, and in the absence of any showing to the contrary the findings of the court are presumed to have support in the evidence considered by it. The court overruled defendant's motion, and, to have such ruling reviewed, defendant brings the cause here by writ of error.

Defendant contends that the failure of the trial court to appoint counsel for him at the time of his arraignment on August 4, 1937, and the failure of the court to inform defendant of his right to counsel, violates the Sixth and Fourteenth Amendments to the Constitution of the United States. The Sixth Amendment applies only to criminal prosecutions in the federal courts and has no application to the case at bar. *Betts v. Brady*, 316 U. S. 455, 62 Sup. Ct. 1252, 86 L. Ed. 1595; 11 Am. Jur., p. 1095, §310; Cooley's Constitutional Limitations (8th ed.), vol. 1, p. 66; Black's Constitutional Law (3d ed.), p. 677.

## Questions to be Determined.

First: *Does the due process clause of the Constitution of the United States require that an indigent minor defendant should be informed by the court that he has the right to the advice of an attorney prior to arraignment upon a charge of burglary; and does said due process clause require that such defendant shall have the advice of counsel prior to the acceptance by the*

*court of a plea of guilty, unless advice of counsel is expressly waived by the accused?*

Rule 44 of the Federal Rules of Criminal Procedure has settled the question in so far as the federal courts are concerned by providing, "If the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every step of the proceeding unless he elects to proceed without counsel or is able to obtain counsel." Indicating the trend of the more recent thought upon the question presented, representative members of the bench, bar and law school faculties composing the American Law Institute by section 203 of their proposed Code of Criminal Procedure, provided: "Before the defendant is arraigned on a charge of felony if he is without counsel the court shall, unless the defendant objects, assign him counsel to represent him in the cause. Counsel so assigned shall serve without cost to the defendant, and shall have free access to the defendant, in private, at all reasonable hours while acting as counsel for him. Assignment of counsel shall not deprive the defendant of the right to engage other counsel at any stage of the proceedings in substitution of counsel assigned him by the court."

Further study of the commentary of the Institute accompanying this section demonstrates that the recommendation of the proposed code was then far in advance of the statutes in most states, and leads to the conclusion that only limited progress had then been made toward the attainment of the standard which the defendant here claims to have become constitutionally essential to a valid judgment entered against him in 1937. We are asked by defendant in his motion, in substance, to declare that the Fourteenth Amendment to the Constitution of the United States requires all district courts in this state to enforce Rule 44 of the new Federal Rules of Criminal Procedure or the proposed section 203 of the Code of Criminal Procedure recommended by the

American Law Institute under penalty of the invalidation of every past and future nonconforming judgment, even though the substance of those provisions is not a part of the state law.

Section 16, article 2, of the Constitution of the State of Colorado provides inter alia: "That in criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; * * *" Section 25, article 2, provides: "No person shall be deprived of life, liberty or property, without due process of law."

Section 502, chapter 48, '35 C.S.A., as amended, provides inter alia: "That in all indictments or informations for crimes or misdemeanors in any of the district courts of this state where by reason of the inability of the defendant or defendants to employ counsel, the court may assign him or them counsel for his or their defense, * * *" Section 482, chapter 48, '35 C.S.A., reads, in part: "In all cases where the party indicted shall plead 'guilty,' such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea, after which, if the party indicted persists in pleading 'guilty,' said plea shall be received and recorded, and the court proceed to render judgment and execution thereon, * * *."

The proceedings adopted in this case, resulting in the conviction of the defendant, were not in conflict with constitutional and statutory provisions of the State of Colorado. *People v. Wilson,* 399 Ill. 437, 78 N. E. (2d) 514. Compliance with Colorado law would seem to satisfy the due process requirement of the Fourteenth Amendment unless the Colorado procedure is inconsistent "with the fundamental principles of liberty and justice which lie at the base of all our civil and political institutions and not infrequently are designated as 'law of the land.'" *Hebert v. Louisiana,* 272 U. S. 312, 47 Sup. Ct. 103, 71 L. Ed. 270. In the case of *Bute v. Illinois,* 333 U. S. 640, 68 Sup. Ct. 763, 92 L. Ed. 342, decided April 19, 1948, the Supreme Court of the United States

considered at great length the question here presented. The defendant in that case was not represented by counsel, but entered a plea of guilty to indictments for taking indecent liberties with children, and the record there failed to show that the state court advised him in any respect concerning counsel. The court there said: "We hold that such a silence in the respective records does not suffice to invalidate the sentences. We hold further that, in the absence of any showing beyond that in these records, the due process clause of the Fourteenth Amendment did not require the Illinois court to make the inquiries or the offer or assignment of counsel now claimed to have been the right of the petitioner."

The only distinctions between the case at bar and the Bute case are that, in the Bute case the defendant was fifty-seven years of age, and the charge was indecent liberties instead of burglary. Every contention made by defendant in the case at bar was thoroughly analysed by the Supreme Court of the United States and resolved against the petitioner. We accordingly hold that in the procedure of which defendant complains, and under the full circumstances disclosed by the record herein, there was no denial of due process of law. The test of whether a denial of counsel, or a refusal to appoint counsel, or to advise the defendant concerning his rights thereto, amounts to a violation of due process of law, is an appraisal of the totality of facts in each case. "That which may, in one setting, constitute a denial of fundamental fairness, shocking to the universal sense of justice, may, in other circumstances, and in the light of other considerations, fall short of such denial. * * *." *Betts v. Brady*, 316 U. S. 455, 62 Sup. Ct. 1252, 86 L. Ed. 1595.

In the case at bar, after a lapse of approximately eleven years, the trial court did not summarily dismiss the motion of defendant, but considered the same upon its merits. The record discloses that a full hearing was

had thereon, that evidence was taken and the court found that the essentials of due process of law were at all times observed.

However advisable it might be to require the record to show that an accused person was informed concerning his right to counsel, neither the Constitution nor the statutes of Colorado require such a showing, and under the circumstances of this case its asserted absence is not a denial of due process of law under the Fourteenth Amendment to the Constitution of the United States.

■ Second: *Assuming that the motion interposed by defendant is available, and that the writ of coram nobis is not obsolete, does the showing made by defendant entitle him to the writ?*

This question must be answered in the negative for the reasons hereinabove set forth in discussing the first question. Furthermore, defendant does not assert in his motion that he was in fact innocent of the offense of burglary to which he entered a plea of guilty. He does not allege that there was any duress, or threats, or intimidation of any kind on the part of the prosecuting officers under the influence of which he entered a plea of guilty. He does not contend that the confession signed by him was in any material respect false concerning his actual participation in the offense to which he entered a guilty plea. In *Medberry v. People,* 107 Colo. 15, 108 P. (2d) 243, we quoted, with approval, from *Wheeler v. State,* 158 Ind. 687, 63 N. E. 975, as follows: "The rule is that the extraordinary relief afforded by the proceeding in the nature of a writ coram nobis will not be granted in a criminal case after trial and conviction, except where it clearly appears that the petitioner had a valid defense in the facts of the case, but which, without negligence on his part, was not made because of duress, fraud, or excusable mistake; or that he was prevented from asserting and enjoying some legal right through duress, or fraud, or excusable mistake, these facts not appearing on the face of the record, and being

such as, if known in season, would have prevented the rendition and entry of the judgment in question."

It is apparent that the motion of defendant was insufficient since there is no showing or contention that any different procedure "would have prevented the rendition and entry of the judgment in question."

·The judgment is accordingly affirmed.