[No. 31084.   Department Two.   November 1, 1949.]

*In the Matter of the Application for a Writ of Habeas Corpus of* WILLIAM J. HUFFMAN, *Appellant,* v. TOM SMITH, *as Superintendent of the State Penitentiary, Respondent.*[1]

[1]Reported in 210 P. (2d) 805.

*William J. Huffman, pro se.*

*The Attorney General* and *John D. Blankinship, Assistant,* for respondent.

HAMLEY, J.—In this *habeas corpus* proceeding, appellant seeks release from his detention in the Washington state penitentiary. It is his contention that the judgment and sentence under which he is being detained is void for the reason that it imposes two penalties upon him for the one crime of family desertion, contrary to the provisions of the applicable statute and in violation of constitutional safeguards against double jeopardy.

Appellant instituted the proceeding originally in this court by filing an application for a writ of *habeas corpus.* The

chief justice referred the application to the superior court for Thurston county and ordered the superintendent of the state penitentiary to show cause before that court, on a day fixed, why the application should not be granted. Following a hearing, the trial court denied the application, whereupon this appeal was taken.

The judgment and sentence, entered on January 10, 1946, pursuant to a jury verdict, adjudged appellant guilty of

". . . wilfully, feloniously and unlawfully, and without justification, abandoning and leaving his wife in a destitute condition and refused and neglected to provide such wife with the necessary food, clothing, shelter and medical attendance although he had sufficient ability to so provide,"

and

". . . wilfully, unlawfully and feloniously deserting his child of about two weeks of age and dependent upon him for her care, education and support and that he did abandon her and omit, with unlawful excuse, to furnish the necessary food, clothing, shelter and medical attendance for her."

Appellant was sentenced to serve one year in the county jail on count I, the judgment and sentence reciting that this time had already been served. He was sentenced to serve twenty years in the state penitentiary on count II.

It is appellant's contention that the abandonment and neglect of his wife and the desertion of and failure to support his child constituted but a single offense. The amended information alleges that the acts complained of occurred "on or about the 15th day of March, 1945." The amended information makes no mention of count I or of count II, but accuses him of "the crime of Family Desertion, set out as follows, to-wit: . . ." The amended information then proceeds to set out, as subsections of one paragraph, the two charges in substantially the same form as recited in the judgment and sentence.

The form or sufficiency of the information cannot be reviewed by a writ of *habeas corpus*. *In re Grieve*, 22 Wn. (2d) 902, 158 P. (2d) 73; *In re Bailleaux*, 26 Wn. (2d)

60, 173 P. (2d) 122. The only question before us is whether the judgment, including the sentence upon which the petitioner for such writ is held in confinement, is void on its face. *In re Rice,* 24 Wn. (2d) 118, 163 P. (2d) 583. We refer to the amended information only for the purpose of determining the nature of the offense charged, as we did in the recent case of *In re Jeane v. Smith, ante* p. 826, 210 P. (2d) 127, decided on October 10, 1949.

The appellant was tried and convicted pursuant to Laws of 1943, chapter 158, p. 514 (Rem. Supp. 1943, § 6908 [P.P.C. § 115-1]), entitled "Domestic Relations—Family Desertion." The pertinent portion of § 1 of this statute reads as follows:

"Every person who, 1st: having any child under the age of sixteen (16) years dependent upon him or her for care, education or support, deserts such child in any manner whatever, with intent to abandon it;

"2nd: Wilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter, or medical attendance for his or her child or children or ward or wards;

"3rd: Having sufficient ability to provide for his wife's support, or who is able to earn the means for such wife's support, who wilfully abandons and leaves his wife in a destitute condition, or who refuses or neglects to provide such wife with necessary food, clothing, shelter, or medical attendance, unless by her misconduct he is justified in abandoning her, shall be guilty of the crime of family desertion or non-support and shall be punished as follows:

"A. When such act is committed and children are involved under the age of sixteen (16) years, such act shall be a felony and punished by imprisonment in the State Penitentiary for not more than twenty (20) years or by imprisonment in the county jail for not more than one (1) year or by fine of not more than one thousand dollars ($1,000) or by both fine and imprisonment;

"B. When such act is committed and there is no child under sixteen (16) years, said act shall be a gross misdemeanor and shall be punished by imprisonment in the county jail for not more than one (1) year or by fine of not more than one thousand dollars ($1,000) or by both fine and imprisonment."

The statute defines four separate offenses, and provides that a person committing any of these offenses shall be

guilty "of the crime of family desertion *or* non-support."
(Italics ours.) Applying the appropriate designation to the
kind of offense defined, it will be seen that the offenses
which constitute the crime of "family desertion" are the
desertion of a child under the age of sixteen years (para-
graph No. 1 of the statute) and the abandonment of a wife
(paragraph No. 3). The offenses which constitute the crime
of "non-support" are the omission to furnish necessities for
a child or ward (paragraph No. 2) and the refusal or neglect
to provide necessities for a wife (paragraph No. 3).

The crime of family desertion involving the desertion of
a child under the age of sixteen years and the crime of non-
support, when it involves a child under the age of sixteen
years, are made felonies. The other crimes defined in the
statute are made gross misdemeanors.

█ Paragraph No. 1 of the judgment purports to ad-
judge the appellant guilty of one crime (either family deser-
tion or nonsupport) constituting a gross misdemeanor, and
sentence was imposed on that basis. The paragraph actually
recites facts upon which the appellant could have been
adjudged guilty of two crimes: (1) family desertion be-
cause of abandonment of the wife, and (2) nonsupport be-
cause of refusal or neglect to provide necessities for the
wife. Both of these crimes are classed as gross misdemean-
ors. Since sentence was imposed on the basis of the com-
mission of only one crime under this paragraph, the
appellant was not prejudiced by the recital, in this one
paragraph, of facts which would have authorized conviction
for two crimes, and the appellant has not raised the point.

A similar nonprejudicial surplusage of facts is recited in
paragraph No. 2 of the judgment, in which appellant is
found guilty of one crime (either family desertion or non-
support) involving a child under the age of sixteen years.
This crime constitutes a felony, and sentence was imposed
accordingly.

█ We can see no merit in the appellant's contention
that he only deserted one family and should not, therefore,
have been found guilty of separate offenses involving his

wife and child. As indicated above, four separate and independent offenses are defined in the statute. There is no offense defined consisting of the abandonment of a wife *and* child or children. There is no offense defined consisting of the nonsupport of a wife *and* child or children. There is no language in the statute indicating that when a man abandons or fails to support his wife, he is free, without further penalty, to abandon or refuse to support his children. The statute establishes his duty with respect to individual members of the family, and not to all members jointly, as a family unit.

The term "family desertion," as it appears in the title of the act and as it is used in the act to describe the offenses of abandoning a wife or child, does not have the effect of combining offenses so clearly and separately defined in the statute. The term is intended only as a general descriptive reference to all offenses of desertion defined in the statute, whether involving wife or child. The information charges, and appellant was found guilty on, two counts of the crime of family desertion.

It is also without significance that, in this case, both offenses are based upon an act or acts which occurred on one day, to wit: March 15, 1945. On this date, appellant deserted and wilfully omitted to support his child, and wilfully abandoned and refused to support his wife. No distinction is drawn in the statute between a case where a man deserts or refuses to support both his wife and his child on the same day, and a case where he deserts or refuses to support his wife on one day and his child on another day. In either event they are separate offenses, separately defined in the statute.

The appellant also contends that, whether or not the judgment and sentence is valid under the statute, his trial and conviction on the second charge placed him in double jeopardy for the same offense, contrary to the fifth amendment of the United States constitution.

■ The fifth amendment of the Federal constitution is a limitation upon the powers of the Federal government and has no application to the powers of the state. *State v. Seattle Taxicab & Transfer Co.,* 90 Wash. 416, 156 Pac. 837. However, Art. I, § 9, of the constitution of this state provides that "no person shall be . . . twice put in jeopardy for the same offense."

■ Double jeopardy will not exist where a defendant stands charged with different offenses, even though those offenses arise out of the same act. As we said in *State v. Barton,* 5 Wn. (2d) 234, 237, 105 P. (2d) 63:

"A person is not put in second jeopardy by successive trials unless they involve not only the *same act,* but also the *same offense.* There must be substantial identity of the offenses charged in the prior and in the subsequent prosecutions both in fact and in law. The same act may be in violation of two different penal statutes, in which case there may be two separate and successive prosecutions against the offender, because the offenses are not the same. The rule thus stated, which prevails in most jurisdictions, has been adopted by this court."

■ This rule is subject to the qualification that the offenses involved in the former and in the latter trials need not be identical as entities and by legal name. It is sufficient to constitute second jeopardy if one is necessarily included within the other, and in the prosecution for the greater offense, the defendant could have been convicted of the lesser offense. *State v. Barton, supra.* The test is whether the evidence required to support a conviction upon one charge would be sufficient to warrant a conviction upon the other. *State ex rel. Foley v. Yuse,* 191 Wash. 1, 70 P. (2d) 797.

■ In the instant case, the evidence required to support appellant's conviction upon the charge of desertion or non-support of his wife would not be sufficient to warrant a conviction upon the charge of desertion or nonsupport of his child. Accordingly, there has been no violation of Art. I, § 9, of the state constitution.

The order denying the application for a writ of *habeas corpus* is affirmed.

SIMPSON, C. J., ROBINSON, MALLERY, and HILL, JJ., concur.

November 25, 1949. Petition for rehearing denied.

[1]Reported in 210 P. (2d) 1019.