No. 17,923.

R. L. FREEMAN *v.* HARRY TINSLEY, ACTING WARDEN.
(308 P. [2d] 220)

Decided March 11, 1957.

Messrs. OWNBEY & GREINETZ, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. NORMAN H. COMSTOCK, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error was the petitioner below. The parties will be referred to as they appeared in the trial court.

Petitioner filed a petition for a writ in the nature of Habeas Corpus pursuant to Rule 106 (a) (1), R.C.P. Colo., in the District Court of Pueblo County. After full hearing and the taking of evidence, the petition was denied and petitioner remanded to custody. Complaining of the judgment below, petitioner is here on writ of error.

Petitioner is before this court for the second time. On August 3, 1953, in the case of *Freeman, et al. v. People*, 128 Colo. 99, 260 P. (2d) 603, the judgment and sentence of the trial court were affirmed without written opinion. In this, his second attempt to set aside and vacate the judgment and sentence of the District Court of Pueblo County, petitioner urges the identical grounds then presented and resulting in affirmance of the judgment. It is alleged that the guaranty of due process of law under the Fourteenth Amendment to the Federal Constitution was violated by the court in that his plea of guilty to a grave and complex crime under speedy arraignment,

without counsel, and without a court reporter being present, was improperly accepted; that his confession was not voluntary; that he did not wish to persist in his plea of guilty after he was advised of the consequences thereof; that he had been promised leniency and would be charged only with larceny of an automobile and assault upon the owner; that he was surprised when the charges against him were changed to the crime of kidnapping; that he was young and inexperienced. As has been stated, petitioner urged all of these points in his previous effort to reverse the judgment of the trial court. He is confined in the state penitentiary under a sentence of twenty-five to twenty-nine years.

The record reveals the following testimony:

Petitioner and a co-defendant (who did not join the petitioner in either of the proceedings) escaped from a prison in New Mexico and fled to Pueblo on April 8, 1945, where they took a room in a hotel. On April 14 the petitioner's co-defendant was recognized by Pueblo police, whereupon they decided to steal a car in order to get out of town. It was cold and snowing very hard. They saw a car stop and a man get out and go into a drugstore. They approached the car, opened the door and found a woman sitting there. They told her to get out. She was apparently frightened and did not move. Petitioner then told his companion to get in the car and drive it around the block and they would put her out. Petitioner's companion attempted to start the car. The woman then began to honk the horn. The man, who it appears was her husband, came out of the drugstore, opened the door of the car and tried to extract the keys from the ignition. Petitioner struck the husband over the head with a pistol, and with his companion fled back to their hotel. There is dispute in the testimony as to whether the petitioner and his companion were arrested the next day, Sunday, April 15, 1945, or on Monday, April 16, 1945. The petitioner testified that he was taken to an office in the Police Building where he was threat-

ened and promised leniency if he admitted to attempting to steal the car; that after thirty to forty minutes they agreed to sign a confession which was labeled "larceny and attempted assault and battery." This alleged confession was never produced. There is testimony of the deputy district attorney that the confessions were not labeled, but he would not say that it could not have been done.

Petitioner testified that at the time of the arraignment he was sixteen days past his twenty-first birthday and had no friends or relatives in Colorado, this being the first time he had ever been in Colorado; that he had only a sixth grade education. He did not have an attorney and did not ask for one because he did not know his rights in that respect.

The testimony of petitioner discloses that he had been a juvenile offender in 1939 and that he had been sentenced from two to five years in New Mexico for the crime of larceny of some clothes; that he was returned to the Juvenile Training School apparently for the violation of parole, and thereafter returned to New Mexico to serve the sentence there. It was while confined under this New Mexico sentence that he escaped. He testified that he had never been represented by counsel in any of his other court appearances.

There is no doubt from reading the record here that the defendant did not have counsel. However, the judge before whom he was arraigned testified that he recalled the case; that the clerk read the information to both men; that he was not sure as to which of the two men he addressed first, but that he asked the first defendant if he understood the information, and the defendant nodded his head; that he entered a plea of guilty and that he was advised concerning the consequences of his plea. The judge further testified that he turned to the next defendant and said:

"Then, I called the next man, which was, apparently,

from the testimony Garton [plaintiff's co-defendant] and I says,

" 'You have heard the reading of this information. Do you understand it?'

"And he demurred as to whether or not the facts warranted the charge of kidnapping. So I read the statute to him — at least, as much of it as pertained to his particular case, and he said, finally — we discussed it a little bit and he asked me some questions and he says, 'Well, I guess I will have to plead guilty, then.' "

The judge also testified that he took testimony and had the facts of the case well in mind when he pronounced the sentence.

The record here, as that in the prior proceeding, shows the following admitted entry upon the minute book and records of the District Court of Pueblo County as of April 16, 1945:

"Thereupon the said defendants and each of them are brought to the bar of this Court and each defendant is arraigned, and this said information read to them, and the said defendants and each of them is required to plead herein, and each defendant for himself answers and says that he is guilty in manner and form as charged in the said information.

"And the consequences of their pleas being fully explained to each of them by the Court, each defendant still persists therein.

"Thereupon the Court hears the testimony upon the said pleas of guilty heretofore entered herein, and now neither of the said defendants saying anything further why the judgment of the Court should not now be pronounced against them on the pleas of guilty heretofore entered in this cause.

"Therefore, it is ordered and adjudged by the Court that the said defendant, R. L. Freeman, be taken from the bar of this Court to the common jail of Pueblo County, from whence he came, and from thence by the Sheriff of said Pueblo County, within ten days from this

date, to the Penitentiary of this State of Canon City * * *".

In the summary of argument it is not contended that the trial court did not have jurisdiction of the person of the petitioner, or of the crime charged in the information, or that the sentence imposed was not within the statutory limits.

■ The decisions of this court clearly mark the boundaries within which the limits of habeas corpus lie. In *People ex rel. Metzger v. District Court,* 121 Colo. 141, 215 P. (2d) 327, the rule was announced as follows:

"It may be stated as a general rule that in a habeas corpus action by a person convicted of a crime the sole question for consideration is whether the petitioner therein was convicted in a court having jurisdiction of his person and of the charge in the information, and the judgment and sentence were within the statutory limitations."

This rule was reiterated in *Rivera v. People,* 128 Colo. 549, 265 P. (2d) 226. See also: *Hart v. Best,* 119 Colo. 569, 205 P. (2d) 787; *Best v. People,* 121 Colo. 100, 212 P. (2d) 1007.

In *Best v. People, supra,* this court said:

"When the hearing on the petition for a writ of habeas corpus was had on May 6, 1949, the only question for determination was whether, on July 29, 1947, the court pronouncing sentence had jurisdiction of the person, and crime with which defendant was charged. The defendant pleaded guilty; the trial court considered the information and the sufficiency thereof to charge him with the crime therein set forth; it determined from the plea and evidence received in support thereof that the same was sufficient as a matter of law, to establish defendant's guilt of the crime charged, and, thereupon, pursuant to his sworn duty, the judge pronounced a judgment within prescribed statutory limits. Having done so, the court had fully discharged its duty; it exhausted its jurisdiction; its judgment and sentence became final, and any

correction thereof, if any was necessary, could be accomplished only by writ of error."

 It will be noted from the portion of the minutes of the court set forth verbatim in the case at bar that the petitioner was furnished with a copy of the information which was read to him. He was told the consequence of his plea, that he persisted therein, that evidence was taken in aggravation or mitigation, and that sentence was imposed. Thus the judgment became final and subject to review only on writ of error; it was so presented to this court and the judgment reviewed and affirmed. Subsequent to the affirmance, reported in *Freeman, et al. v. People, supra,* petitioner sought a writ of certiorari in the United States Supreme Court to review the decision of this court. That petition was denied. This disposes of the contention again urged that the judgment was invalid and void as in violation of the due process clause of the Federal Constitution.

Petitioner's counsel strongly urges that the petitioner had just turned twenty-one years of age, had but a sixth grade education, and that the court arraigned the defendant and accepted his plea of guilty without first appointing counsel. Although we have pointed out that these matters were assigned as error in the original proceedings in this court and that they are not within the scope of inquiry under a petition for writ of habeas corpus, nevertheless we refer to *Kelley v. People,* 120 Colo. 1, 206 P. (2d) 337, wherein a motion for writ of coram nobis was denied. The petitioner there contends he was a minor, without an attorney, and that the trial court failed to appoint counsel for him, and that such failure was a violation of the Sixth and Fourteenth Amendments to the United States Constitution. The question to be determined in that case was stated as follows:

"Does the due process clause of the constitution of the United States require that an indigent minor defendant should be informed by the court that he has the right

to advice of an attorney prior to arraignment on a charge of burglary and does said due process clause require that such defendant have advice of counsel prior to the acceptance by the court of a plea of guilty, unless advice of counsel is expressly waived by the accused?"

■ The question was answered in the negative, and the court held in that case:

"The proceedings adopted in this case, resulting in the conviction of the defendant, were not in conflict with the constitutional and statutory provisions of the State of Colorado. *People v. Wilson,* 399 Ill. 437, 78 N. E. (2d) 514. Compliance with Colorado law would seem to satisfy the due process requirement of the Fourteenth Amendment unless the Colorado procedure is inconsistent 'with the fundamental principles of liberty and justice which lie at the base of all our civil and political institutions and not infrequently are designated as "law of the land." ' *Hebert v. Louisiana,* 272 U. S. 312, 47 Sup. Ct. 103, 71 L. Ed. 270. In the case of *Bute v. Illinois,* 333 U. S. 640, 68 Sup. Ct. 763, 92 L. Ed. 342, * * *.

\* \* \*

"However advisable it might be to require the record to show that an accused person was informed concerning his right to counsel, neither the Constitution nor the statutes of Colorado require such a showing, and under the circumstances of this case its asserted absence is not a denial of due process of law under the Fourteenth Amendment to the Constitution of the United States."

Other language in *Kelley v. People, supra,* may well be used here:

"The record discloses that a full hearing was had thereon, that evidence was taken and the court found that the essentials of due process of law were at all times observed."

The judgment of the court is affirmed.