## No. 18,301.

C. C. FARRELL *v.* DISTRICT COURT OF RIO BLANCO COUNTY.
(311 P. [2d] 410)

Decided May 20, 1957.

Mr. C. C. FARRELL, Pro Se.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PETITIONER has applied to this court for a writ in the nature of habeas corpus, claiming that he is unlawfully deprived of his liberty.

He appears in propria persona, but has filed no brief in support of his application. We have not required the Attorney General to answer the same since on the face of the petition and the record before us no proper

grounds were given, and none exist, for issuance of the writ requested.

■ Viewed in their most favorable light, the grounds set forth by petitioner could be considered by this court only upon writ of error. Judgment and sentence were entered against him in the district court in 1952.

We have, nevertheless, obtained the record from the trial court, and a review thereof reveals that the defendant was given every consideration by the court. His interests were protected, not only by a conscientious trial judge but by the appointment of counsel as well. Defendant entered a plea of guilty to the crime of grand larceny after the district attorney agreed to withdraw four additional counts alleging that the defendant was an habitual criminal. Under the habitual criminal statute, C.R.S. '53, 39-13-1, it would have been mandatory for the court to impose a sentence of life imprisonment. With those counts withdrawn the maximum sentence provided by law was not less than one nor more than ten years. The sentence imposed was not less than five nor more than eight years in the penitentiary.

Evidence was taken by the court, in addition to which the probation officer was ordered to conduct a presentence investigation.

The record discloses that defendant and his wife purchased a house trailer and executed their chattel mortgage in favor of the complaining witness. They drove the house trailer out of the state of Colorado to the state of Iowa and sold the same without advising the purchaser in Iowa that the trailer was mortgaged or without obtaining the consent of the mortgagee either to sell the property or to remove it from the state of Colorado. The defendant in an oral confession admitted the charge as well as entering a plea of guilty. When the court asked if there was any reason why sentence should not be pronounced, defendant said nothing but stood mute.

■ We have recently pointed out that in a habeas

corpus proceeding by a person convicted of a crime, the sole question for consideration is whether the petitioner was convicted in a court having jurisdiction over his person; of the charge in the information, and whether judgment and sentence were within the statutory limitations. *Freeman v. Tinsley,* 135 Colo. 62, 308 P. (2d) 220. See also: *People ex rel. Metzger v. District Court,* 121 Colo. 141, 215 P. (2d) 327; *Rivera v. People,* 128 Colo. 549, 265 P. (2d) 226; *Best v. People,* 121 Colo. 100, 212 P. (2d) 1007.

Accordingly, the application is denied.