Application for a Writ of Habeas Corpus
of Eugene Marvin DAVIS, Petitioner,

v.

B. J. RHAY, Superintendent of the Wash-
ington State Penitentiary at Walla
Walla, Washington, Respondent.

No. 1219.

United States District Court
E. D. Washington, S. D.
Oct. 10, 1957.

Eugene Marvin Davis, in pro. per., for
petitioner.

John J. O'Connell, Atty. Gen., Michael
R. Alfieri, Asst. Atty. Gen., for respond-
ent.

DRIVER, Chief Judge.

Eugene Marvin Davis, an inmate of
the Washington State Penitentiary, filed
a petition for writ of habeas corpus in
this court on May 10, 1957. Previously,
in the course of exhausting his state
court remedies, he had submitted a peti-
tion for writ of habeas corpus to the
State Supreme Court, and the petition

had been referred to the Superior Court for Okanogan County for hearing. The hearing was held on January 26, 1956. The petition in the instant case was heard at Walla Walla, Washington on September 10, 1957. In arriving at my decision, I have considered the testimony of the witnesses, the documentary evidence, the record of the hearing of January 26, 1956 in the Okanogan County court, and the briefs of petitioner and respondent.

The petitioner, on his plea of guilty of second degree assault, was sentenced on October 19, 1954 to serve not more than ten years in the Washington State Penitentiary. It is his contention that his conviction and sentence are void for a number of reasons, but only two of them are regarded as having sufficient merit to be considered here. Stated in the inverse order in which they appear in the petition, they are: first, that the statute under which the defendant was sentenced is unconstitutional and void; and, second, that the defendant was improperly induced and persuaded to enter a plea of guilty by the threats and promises of the prosecuting officials of Okanogan County.

The second degree assault statute of the State of Washington, RCW 9.11.-020, provides that one found guilty thereof shall be punished by imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than $1,000, or by both. Petitioner argues that the statute is unconstitutional for the reason that "it prescribes different punishments, or degrees of punishment for the same act, and does not prescribe a definite penalty." He relies upon In re Olsen v. Delmore, 48 Wash.2d 545, 295 P.2d 324, but the case clearly is not in point. There the Washington Firearms Act, RCW 9.41.160 was held to be invalid. The prescribed penalty for violation was a fine of not more than $500, or imprisonment in the county jail for not more than one year, or both, or by imprisonment in the penitentiary for not less than one year nor more than ten years. The statute was considered fatally defective, not because it prescribed

different degrees and kinds of punishment which might be imposed in the discretion of the sentencing judge, but rather because the court found it would enable the prosecuting attorney in his discretion to charge an accused either with a felony or a gross misdemeanor. The court based its holding on the peculiar language of the firearms act and pointed out that the same rule would not apply to other statutes, specifically the second degree assault statute cited above, because of different wording.

█ It is my conclusion, therefore, that petitioner's first contention is untenable and he was sentenced under a constitutional and valid statute of the State of Washington.

Petitioner's other contention is that he was improperly induced and persuaded to enter an improvident plea of guilty by threat of the prosecuting attorney of Okanogan County that he would be prosecuted as an habitual criminal if he did not do so, and by promise of the prosecuting attorney that he would recommend for petitioner a minimum term of confinement of two years. Petitioner points out that he could not legally have been given a 2-year minimum since he had previously been convicted of a felony and a firearm was involved in his offense. The governing statute, RCW 9.95.040, subparagraph (2), provides that in a case of a person previously convicted of a felony, who was armed with a deadly weapon at the time of the commission of the offense, the duration of confinement fixed by the Board of Prison Terms and Paroles shall be not less than seven and one-half years.

When petitioner was first arrested in Okanogan County, it was on suspicion of robbery, and shortly thereafter the prosecuting attorney interviewed him in the county jail. The prosecutor was acquainted with the petitioner, had taken an interest in him, and had assisted in securing a parole for him from the Washington State Penitentiary. Disappointed and angry, the prosecutor remarked that petitioner probably was the sort of man who should be confined in

the penitentiary for life as an habitual criminal. Thereafter the petitioner was charged by information with the offense of second degree assault and violation of the state firearms act, and the prosecution of the case was assigned to a deputy prosecuting attorney. On September 21, 1954, the petitioner appeared in superior court, and at his request an attorney was appointed to represent him. The petitioner again appeared in court with his appointed attorney on October 1, 1954, was arraigned, and entered a plea of not guilty to each of the two counts of the information. The petitioner's appointed attorney was reluctant to have him stand trial for a number of reasons, one of which was that petitioner was then on parole and his parole might be revoked even if he were acquitted. The attorney therefore conferred with the deputy prosecuting attorney and inquired whether, if the defendant pleaded guilty to the second degree assault charge, the firearms charge would be dismissed and the prosecuting attorney would recommend a 2-year minimum term of confinement for the accused. This proposal was communicated to the prosecuting attorney by his deputy, and the former gave his consent. On October 5, 1954, petitioner again appeared in the Okanogan Superior Court with his counsel, withdrew his plea of not guilty to Count I (the second degree assault count of the information) and entered a plea of guilty thereto. Count II (the firearms act charge) was thereupon dismissed. The superior court judge, in accordance with the governing state statute, imposed the maximum sentence of ten years' confinement, and in due course the prosecuting attorney made a recommendation to the state parole board that the petitioner's minimum term of confinement be fixed at two years.

The initiative in the matter of arranging for a plea of guilty on the terms above outlined came from the petitioner's own attorney. I have no doubt that such attorney, as well as the prose-

cuting attorney and his deputy, inadvertently overlooked and did not have in mind the statute and the circumstances which would require that a 7½-year minimum be imposed upon the petitioner, and that in arranging for the 2-year minimum recommendation, they all acted in good faith. It may be assumed, also, that, since he had previously been convicted of a felony in the State of Washington, had been sentenced, had served time, and had been released on parole, the petitioner knew that the superior court judge would sentence him to the statutory maximum term of confinement and that the Washington State Board of Prison Terms and Paroles would fix the minimum term which he was to serve. The Board in its discretion could adopt or entirely disregard any recommendation made by the prosecuting attorney. In their discussion of the proposed 2-year recommendation, the deputy prosecutor told petitioner's attorney that in all probability the Board would pay no attention to any recommendation made by the prosecuting attorney. It appears, then, that the petitioner's attorney and the prosecuting officials, being honestly mistaken as to the requirements of the state law, entered into an arrangement whereby, upon entry of a plea of guilty, the prosecutor would recommend a 2-year minimum—a term less than the term which could legally be imposed by the state Board. As to making any threat, it is my conclusion that the remark made by the prosecuting attorney to the petitioner shortly after the latter's arrest, did not constitute a threat, and was not a factor in inducing the defendant to plead guilty. It seems to me that pleading guilty, in accordance with arrangements made by the attorney for the accused, under the circumstances presented here, is not so fundamentally unfair as to deprive the accused of due process under the Fourteenth Amendment.[1]

I have considered Thorne v. Callahan, 39 Wash.2d 43, 234 P.2d 517, and Allen

1. Decatur v. Hiatt, 5 Cir., 184 F.2d 719; Commonwealth ex rel. Campbell v. Ashe, 141 Pa.Super. 408, 15 A.2d 409; and cf. Ex parte Farrar, 74 Okl.Cr. 390, 126 P.2d 545.

v. Cranor, 45 Wash.2d 25, 272 P.2d 153, cited by petitioner in his brief. The Thorne case, I think, is distinguishable. There prosecuting officers gave an accused erroneous advice as to the probable duration of his sentence if he pleaded guilty, but there were a number of other factors which influenced the decision that the accused had been denied due process. The charge was serious and complicated, and carried a mandatory penalty of life imprisonment. The prosecuting officials concealed from accused his possible defenses. There was an extraordinarily short interval between arrest and sentence. The accused acted without advice of counsel, and the state officials showed anxiety to obtain a plea of guilty from him without giving him an opportunity to consult with an attorney.

In the Allen case, the State Supreme Court, by per curiam opinion, affirmed a decision of a lower court granting a writ of habeas corpus. The opinion does not give the detailed facts found by the trial court, nor does it show whether the accused was represented by an attorney when he entered his plea of guilty. It does appear that the accused was misled by the prosecuting officials into believing that if he pleaded guilty the parole board would fix a minimum term for him to serve when, in fact, such a plea necessarily resulted in a sentence of life imprisonment without privilege of parole.

The petition for writ of habeas corpus in the present case should be denied for another reason. It presents substantially the same contentions as the ones advanced in the Okanogan County Superior Court hearing January 26, 1956. An able, experienced trial judge presided at that hearing. It was full, complete and fair. Petitioner was represented by an attorney. He testified in his own behalf and called seven other witnesses. The respondent had three witnesses. The transcript of the testimony covers 151 typewritten pages. The judge had the witnesses before him in person, and had an opportunity to take into consideration their appearance and demeanor on the witness stand in determining their credibility. I, therefore, adopt the state court's findings of fact. I think that is a privilege which I properly may exercise.[2]

The petitioner contends that I should disregard the determination of the issues by the state court for the reason that the court misconstrued the applicable law in announcing from the bench at the conclusion of the hearing that the application for the writ would be denied.

It is true the court stated that, even though the defendant may have been induced to enter a plea of guilty by threats and promises on the part of the prosecuting attorney, such would not be sufficient ground for the issuance of the writ, and cited In re Grieve, 22 Wash.2d 902, 158 P.2d 73, in support of his statement. Petitioner is correct in his assertion that the cited case was not then the law in Washington, as the State Supreme Court had by that time at long last recognized the existence of the 1947 amendment of the Washington habeas corpus statute (RCW 7.36.130), which placed within the ambit of a state court habeas corpus hearing a contention by petitioner that his rights under the Constitution of the United States had been violated.[3]

An oral or written opinion by a judge announcing his decision and giving the reasons therefor is tentative rather than final. If there is any conflict between the opinion and the formal findings

---

2. Malinski v. New York, 324 U.S. 401, 404, 65 S.Ct. 781, 89 L.Ed. 1029; Brown v. Allen, 344 U.S. 443, 458, 506, 73 S.Ct. 397, 437, 97 L.Ed. 469.

3. See In re Higdon, 1948, 30 Wash.2d 546, 554, 192 P.2d 744; and, Huffman v. Smith, 1949, 34 Wash.2d 914, 917, 210 P.2d 805, in which cases the court continued to follow and apply the old statute and the old rule. And, Buckingham v. Cranor, 1954, 45 Wash.2d 116, 273 P.2d 494, in which the court inferentially recognized the 1947 amendment; and, Palmer v. Cranor, 1954, 45 Wash.2d 278, 273 P.2d 985, where the court expressly recognized and applied it.

of fact, conclusions, and judgment, the latter govern. Moreover, what the Okanogan County Superior Court judge said in his oral decision, in effect, was that, even if he should find the facts in accordance with petitioner's contentions, the petitioner as a matter of law would not be entitled to relief. The court did not find the facts as claimed by the petitioner, however, but rather, found them in favor of the respondent. Even though the state court judge may have misconceived the applicable law, that is no reason why I should decline to adopt his findings of fact, and, as stated above, I have elected to do so.

The petition for a writ of habeas corpus will be denied.