No. 18,554.

EUGENE RAYMOND LEWIS *v.* HARRY C. TINSLEY, Warden, etc.
(330 P. [2d] 532)

Decided October 14, 1958.

Mr. William O. DeSouchet, Mr. John G. Taussiop, Jr., Mr. William A. Trine, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. John W. Patterson, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Plaintiff in error was the petitioner in the lower court in a habeas corpus proceeding in which he sought release from the state penitentiary on a number of grounds. Contending that the court erred in denying his petition for habeas corpus, he brings the matter here on writ of error.

In 1950 petitioner was charged by an information in four counts with: robbery, assault with intent to commit murder; assault and battery, and kidnapping. Upon being arraigned, petitioner, represented by counsel, entered a plea of guilty to assault with intent to commit murder and robbery. What disposition was made of the other counts is not shown in the record, but we assume the other counts were dropped. At the time of the sentence neither petitioner nor counsel made any statement as to why sentence should not be pronounced. Petition for habeas corpus was filed seven years after the original cause. Petitioner never sought review of the original proceedings.

Petitioner, acting pro se, set forth thirteen allegations in his petition for the writ. Later he was represented by counsel, and the petition was amended by leave of court. In summary, petitioner alleged that he was deprived of his right to counsel; was insane at the time of the ar-

raignment, at least to the extent that he did not comprehend the consequences of a guilty plea; that he was coerced into making the plea; that the district attorney promised him a lighter sentence than the one given by the court. Nowhere in the petition or amended petition was it alleged that the court lacked jurisdiction of the person or the offense or that the sentence was not within the statutory limitations.

It is to be noted that petitioner's contention that he was not represented by counsel is modified by the assertion that he was not represented by "effective" counsel. There is a statement in the brief of plaintiff in error, but not in the record, that although counsel was appointed for him on the day of his entry of the plea of guilty, such counsel for reasons not disclosed could not appear, but his associate appeared to represent the defendant. The complaint of failure to appoint "effective counsel" is a slight variation from the series of cases heretofore filed by other penitentiary inmates wherein the charge usually is that the court failed to *advise* the prisoners of their *right to counsel.*

Because of several recent decisions no lengthy citation of authorities is warranted here. Every contention urged as reason for issuing the writ has been disposed of contrary to petitioner's contentions in *Farrell v. District Court,* 135 Colo. 329, 311 P. (2d) 410; *Freeman v. Tinsley,* 135 Colo. 62, 308 P. (2d) 220, and *Freeman v. Tinsley,* 2 L.Ed. (2d) 52, 78 Sup. Court 65, wherein certiorari was denied by the United States Supreme Court. See also *Freeman v. People,* 128 Colo. 99, 260 P. (2d) 603; *Kelley v. People,* 120 Colo. 1, 206 P. (2d) 337.

 Since the allegations in the petition in many respects refer to proceedings which could only be reviewed on writ of error and none of the allegations is within the defined boundaries of habeas corpus as stated in *Farrell v. District Court,* supra, the petition was defective on its face, and the court was correct in denying the petition and declining to issue the writ. We repeat

that habeas corpus cannot be used as a substitute for motion for new trial; in arrest of or to set aside a judgment; or for writ of error.

The judgment is affirmed.