Per Curiam.

Petitioner’s first contention is that he was denied dne process because he was represented by incompetent counsel. He appears to base this argument primarily on the fact that his counsel was subsequently convicted of a felony. This, of course, does not conclusively indicate incompetency. Counsel was of petitioner’s own choosing and, according to the record, appeared with him at each stage of the proceeding. Questions relating to the competency of counsel must be raised by appeal and not in a habeas corpus proceeding. McConnaughy v. Alvis, Warden, 165 Ohio St., 102, and Lewis v. Tinsely, Warden, 138 Colo., 117.
The petitioner raises two questions as to his preliminary hearing. First, he contends he did not have one. According to the Municipal Court entry attached to petitioner’s own brief, this claim is without foundation since such entry recites that an examination was had before the petitioner was bound over to the grand jury. Secondly, the petitioner alleges an undue delay between his arrest and preliminary hearing which was held some seven days after the prosecuting witness signed the complaint. Petitioner was represented by counsel during this period, and, if his rights were being infringed, such issue could have been taken care of by his counsel. Petitioner was arrested on a Friday on charges of intoxication and cutting with intent to wound, the complaint was filed against him on the following Monday by the prosecuting witness, and petitioner had his preliminary hearing on the following Monday. Such a period of time does not appear to constitute undue delay. Furthermore, it has been held that even failure to have a preliminary hearing is not a ground for relief by habeas corpus. Clarke v. Huff, 119 F. (2d), 204. Since failure to hold a preliminary examination is not a ground for discharge, a delay of a few days in holding such examination should have no effect on the rights of the accused.
Petitioner contends that his incarceration is illegal for the reason that he filed no written waiver of a jury trial. A failure to file such waiver does not infringe the constitutional rights of *533 one who pleads guilty to an indictment. State, ex rel. Scott, v. Alvis, Warden, 156 Ohio St., 387, and State v. De Lucia, 63 N. J. Super., 90. This principle is especially applicable in cases, such as this, where petitioner, being represented by counsel, pleads not guilty at his arraignment and subsequently, after time for reflection, withdraws such plea and enters a plea of guilty.
Petitioner alleges that he did not want to plead guilty but wanted a jury trial. He appeared in open court, accompanied by his counsel, when he withdrew his original plea. According to the court record which bears a presumption of validity, he was asked by the trial judge whether he had anything to say, and he stood mute. He cannot now raise this question in a habeas corpus proceeding. See Christian v. Dowd, Warden, 219 Ind., 265. The fact that, as alleged by petitioner, his attorney made certain representations to him as to what he could do for him on a plea of guilty, thereby allegedly inducing such plea, is not a ground for relief by habeas corpus. Davis v. Rhay, Supt., 256 F. (2d), 617; Davis v. Rhay, Supt., 156 F. Supp., 114.
Petitioner urges violation of his rights as to a fair trial, including the right to confront the witnesses against him. By pleading guilty he waived his right to a trial and all the incidents thereto, admitted the material facts in the indictment, dispensing with the necessity of proving them, and authorized the court by such plea to proceed to judgment. Carper v. State, 27 Ohio St., 572, and Craig v. State, 49 Ohio St., 415.
Petitioner contends next that there was error in the order binding him over to the grand jury, in relation to the fact that the court instructed the Clerk of the Court of Common Pleas to set hail. He urges further that he was held without hail after his arrest because of a “hold for parole officer” which was erroneous. There is nothing in the record to show that petitioner attempted to he released on hail. Irrespective of this, however, although habeas corpus would have been the proper action to compel his release on hail at the time of his arrest and before conviction, any error therein did not, after petitioner had been indicted and had pleaded guilty, constitute any jurisdictional irregularity or a denial of a fundamental right which would have resulted in a loss of jurisdiction by the trial court.
*534 The petitioner urges further that his indictment was void because it failed to include therein the number of the Code section under which he was indicted. Petitioner’s indictment read as follows:
“The jurors of the Grand Jury of the county of Stark and state of Ohio, then and there duly impaneled, sworn and charged to inquire of and present all offenses whatever committed within the limits of said county, on their said oaths, in the name and by the authority of the state of Ohio, do find and present:
“That James C. Norton, late of said county on or about the 21st day of February, in the year of our Lord one thousand nine hundred and fifty-three, at the county of Stark, aforesaid, maliciously cut George W. Parker with intent to wound him, contrary to the statute in such cause made and provided, and against the peace and dignity of the state of Ohio.”
Section 12420, General Code, read as follows:
“Whoever maliciously shoots, stabs, cuts, or shoots at another person with intent to kill, wound or maim such person, shall be imprisoned in the penitentiary not less than one year nor more than twenty years.”
Section 13437-4, General Code, read as follows:
“In charging an offense, each count shall contain, and shall be sufficient if it contains ip substance, a statement that the accused has committed some public offense therein specified. Such statements may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the enactment describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged.”
Clearly, the indictment here fully informed the petitioner of what he was accused, which is the purpose of an indictment. All the essential elements of the crime were set forth and the crime was designated by name. There being a complete description of the crime in the indictment, the failure to designate the Code section did not invalidate the indictment. Hammer v. United, States, 271 U. S., 620, and Olmstead v. United States, 19 F. (2d), 842. The designation of the Code section would have in no way added anything to the description of the crime.
*535 The final contention of petitioner relates to present Section 2949.12, Revised Code (former Section 13455-1, General Code).
Section 13455-1, General Code, read as follows:
“A person sentenced for felony to the penitentiary or reformatory, unless the execution thereof is suspended, shall be conveyed to the penitentiary or such reformatory, by the sheriff of the county in which the conviction was had, within five days after such sentence, and delivered into the custody of the warden or superintendent of such institution, with a copy of such sentence, and such convict shall be kept within such institution until the term of his imprisonment expires or he is pardoned or paroled. If the execution of such sentence is suspended,- and the judgment be thereafter affirmed, he shall be conveyed to the penitentiary or such reformatory within five days after the judge directs the execution of sentence, provided, however, that the trial judge or other judge of said court may, in his discretion and for good cause shown, extend the time of such conveyance.”
Petitioner contends that he was held for more than the designated five days before he was taken to the penitentiary, and that such delay entitles him to release. This delay was three days longer than the statutory period and bears no relationship to the jurisdiction of the court, nor is it such an invasion of a constitutional right which would entitle petitioner to a release. It is at most an irregularity for which habeas corpus does not lie. 39 Corpus Juris Secundum, 686, Section 102.
The errors and irregularities raised by the petitioner in the instant case are all nonjurisdictional in nature, and petitioner has shown no invasion of his constitutional rights which would warrant holding his conviction void or which would entitle him to release.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and 0’Neill, JJ., concur.
Herbert, J., not participating.